## COLINE OIL CO. v. WINFORD et al.

No. 22513.   Opinion Filed Nov. 1, 1932.

Rainey, Flynn, Green & Anderson, M. M. Gibbens, and L. A. Marrs, for petitioner.

Duncan & DeParade and Emerson & Carey, for respondents.

HEFNER, J. This is an original proceeding in this court brought by the Coline Oil Company to review an order of the Industrial Commission awarding compensation to T. J. Winford.

It appears that claimant was injured on January 1, 1930, while engaged in hauling dirt with a wheelbarrow. The wheelbarrow slipped and the handle hit claimant in the left side and injured his ribs. Claimant was, at that time, employed by the Coline Gasoline Corporation, and not by the Coline Oil Company, as a laborer, and was receiving a wage of $4.50 per day. Immediately after the injury, claimant ceased working for several days and was treated by a physician, who, on February 24, 1930, filed his report with the Commission, wherein he stated that claimant had received an injury on January 1, 1930, the nature of which was fracture of the seventh and eighth ribs on the left side. He was treated for this injury by the physician for several days and thereafter resumed his duties at the same wage, but did lighter work.

The evidence shows that, after receiving the injury, claimant was not able to perform heavy work; that he worked for the gasoline corporation until August 22, 1930, at which time he left its employ. On November 12, 1930, he went to work for another company, doing light work, and continued with it until January 17, 1931, at which time he left its service for the reason, as stated by him, that the company failed and refused to pay him. On February 14, 1931, he filed claim with the Commission, in which the Coline Oil Company was named respondent, and claimed permanent disability as a result of his injury of January 1, 1930, and asked that the cause be set for hearing. At the hearing it developed that claimant, at the time he received his injury, was not in the employ of the Coline Oil Company, but was employed by the Coline Gasoline Corporation, and at the request of claimant, the gasoline corporation was made a party to the proceedings. At the conclusion of the testimony, the Commission made the following findings of fact:

"That on or about the 1st day of January, 1930, claimant, T. J. Winford, was in the employ of Coline Oil Company, and was engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law; that in the course of and arising out of his employment, the said claimant, on January 1, 1930, sustained an accidental personal injury the nature of which was an injury to ribs.

"That as a result of said accidental injury claimant has, since the 1st day of January, 1930, been totally disabled to perform ordinary manual labor; and was at the date of this hearing disabled from the performance of ordinary manual labor. * * *"

On these findings of fact the Commission entered an award, May 29, 1931, in favor of claimant for compensation at the rate of $18 per week from January 1, 1931, to February 14, 1931, or a total of $117, and further ordered that compensation continue at the rate of $18 per week until the further order of the Commission.

On June 6, 1931, the Commission amended its findings of fact, in which it found that the findings of fact theretofore entered, finding that claimant was totally disabled from January 1, 1930, to perform ordinary manual labor, was in error, and such finding was modified to read that, as a result of the injury claimed, claimant had been totally disabled from performing ordinary manual labor from February 14, 1931. The award allowing compensation of $18 per week from January 1, 1931, to February 14, 1931, or a total of $117, was not changed or modified in any manner, and stands as originally entered.

Petitioner claims that the award, under the amended findings of fact, cannot be sustained, for the reason that it allows claimant compensation in the sum of $117 for a period during which, under the amended findings, he was not disabled. With this contention we agree. If claimant was not disabled until February 14, 1931, the Commission was not authorized to allow him compensation from January 1, 1931, to February 14, 1931. Under the amended findings of fact, the claimant is not entitled to the $117 awarded him by the Commission.

Petitioner further claims that the award was erroneously entered against it for the reason that the evidence shows that claimant, at the time of his injury, was in the employ of the Coline Gasoline Corporation and not in its employ. After the gasoline corporation was made a party respondent, under the evidence, if claimant were en-

titled to compensation, the award should have been against the gasoline corporation and not against the oil company.

Claimant, however, contends that the gasoline corporation and the oil company are practically one and the same organization, and that the award should not be reversed for the reason that it is entered against the oil company instead of the gasoline corporation, and in support of this contention relies upon the case of Coline Gasoline Corp. v. Yancey, 156 Okla. 242, 11 P. (2d) 532. In that case the claim was filed against the Coline Oil Company as in the instant case, but at the hearing the name of the respondent was changed to the Coline Gasoline Corporation and the award was entered against the gasoline corporation. If, in the instant case, the award had been entered against the gasoline corporation, the case would be in point. However, after having made the gasoline corporation a party respondent, the award was entered against the oil company. The evidence shows that, at the time the claimant was injured, he was in the employ of the Coline Gasoline Corporation. The award against the Coline Oil Company cannot therefore be sustained.

The order of the Industrial Commission awarding compensation to claimant against the Coline Oil Company is vacated, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.