## BECK MINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12460—Opinion Filed Dec. 12, 1922.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law — Compensable Accidental Injury.**

Where it appears from the evidence that the claimant for compensation was employed as an engineer on a coal train of a mining company, and in the performance of his duties, on a cold day when the ground was slick by reason of snow and ice, was required to pull heavy coal cars together in order to couple the same, which required great physical exertion on the part of the claimant, and while so engaged he suffered a stroke of apoplexy, and there is evidence of competent physicians to the effect that the continuous excessive physical exertion and straining was a contributing cause of the stroke of apoplexy, held, an award for such injury will be affirmed.

Original action by the Beck Mining Company and the Aetna Life Insurance Company to review an award of the State Industrial Commission made in favor of Anthony Scherer. Award affirmed.

G. W. Earnshaw and Ross & Thurman, for petitioners.

George F. Short, Atty. Gen., and R. E. Wood and Kathryn Van Leuven, Asst. Attys. Gen., for respondent State Industrial Commission.

J. J. Smith, for Anthony Scherer.

KENNAMER, J. Beck Mining Company, a corporation, and the Aetna Life Insurance Company, a corporation, instituted this action against the State Industrial Commission and Anthony Scherer, to review the action of the Industrial Commission in overruling a motion of the Aetna Life Insurance Company filed on April 5, 1921, asking the commission to set aside and rescind an award made in favor of Anthony Scherer on March 28, 1921.

For a reversal of the award made, counsel for the petitioners in this action argue two propositions: First, that Scherer sustained no injury as a result of an accident; second, that there is no evidence to support the award. We are unable to agree with counsel for the petitioners upon either proposition. The documentary evidence before the commission and the oral testimony of witnesses establish the following material facts:

On January 15, 1921, Anthony Scherer, while employed by the Beck Mining Company in one of its mines in Ottawa county, suffered a stroke of apoplexy or hemiplegia, which resulted in muscular paralysis of the right arm and leg and muscular paralysis of right side of his face. It appears that on December 4, 1920, prior to the stroke of apoplexy on January 15, 1921, while Scherer was lifting a heavy bag of coke to the top of a car, Scherer received an injury to his spine, which his attending physician stated resulted in nerve occlusion or misplacement of the lower distal cervical nerves.

Dr. Colvert, in his testimony on behalf of the insurance carrier in this case, testified in part as follows:

"Q. You made an examination of him on that day? A. Yes, sir. Q. I wish you would state the result of that examination.

A. Well, if I remember correctly, there was one side, one arm and one leg paralyzed. I haven't looked over the report lately. The right leg and left side of face lost the power of use. He suffered a cerebral hemorrhage. Q. (By the Court) What is apoplexy, doctor? A. The result of hemorrhage in the cranial cavity. Q. Can this come from an accident? A. Well, it could be excited by an accident. Q. In what way? A. A sudden rise of blood pressure from any cause would provoke an attack of apoplexy. The condition he had of hardened arteries and an increased blood pressure would result. Young people don't suffer from sclerosis of the arteries. Q. Any exertion, then, would bring it on? A. Well, any exertion of a strenuous nature would increase the blood pressure and have a tendency to bring it and complications would follow. Q. Is the effect sudden? A. Usually so. You can have a small hemorrhage where the symptoms don't appear for several hours. Q. But where that hemorrhage results within a short time apoplexy takes place? A. Yes."

The claimant. Scherer, on the date he suffered the stroke of apoplexy, was working as engineer on the coal train of the mining company, and it appears that the day was cold and that the ground was slick with snow and ice: that Scherer in the performance of his duties had to couple a great many cars together. the loaded cars being in weight about two tons, and that he had undergone a heavy strain most all of the day when he was stricken with apoplexy about four o'clock in the afternoon. He stated in his oral testimony, in describing his work, the following facts:

"I was coupling cars. These cars were two-ton cars and had a ring and hook and you had to bring them together and there was snow on the ground and sleet on the track, and in bringing them together like this the cars would drop back on me and it was just a strain all day; and just about the time I would get the cars close enough to hook them one end would run back on me."

We are clearly of the opinion, under the facts as disclosed by the record in this case, that the award of the Industrial Commission should be affirmed. It was not necessary for Scherer to receive some external blow in order for his injury to be compensable under the Workmen's Compensation Act of this state. Stasmos v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762. 15 A. L. R. 576; Winona Oil Co. et al. v. Smithson et al., 87 Okla. 226. 209 Pac. 398; Michael LaVeck v. Parke, Davis & Co. (Mich.) L. R. A. 1916D, p. 1277.

Upon an examination of the record in this case, it appears that there is evidence in the record to support the conclusion that Scherer suffered a stroke of apoplexy, which resulted in part, in least, from the heavy straining which he had to do in performing his duties as an employe of the Beck Mining Company, and in this situation he received such an injury as is compensable under the Workmen's Compensation Law, and the award made by the Industrial Commission is therefore affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, MILLER. NICHOLSON. and COCHRAN, JJ., concur.