**BERGER et al. v. REYNOLDS et al.**

No. 19878. Opinion Filed Sept. 17, 1929.

Rehearing Denied Oct. 15, 1929.

Owen & Looney, J. Fred Swanson, and Paul N. Lindsey, for petitioners.

Devaney & Edwards, Snyder, Owen & Lybrand, Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

RILEY, J. The State Industrial Commission found that C. L. Berger, on January 15, 1927, was engaged in the operation of a hazardous industry and that claimant, Orland Reynolds, was employed and engaged in the performance of manual labor incident thereto. That, arising out of and in the course of his employment, claimant Reynolds on said date sustained an accidental personal injury as a result of which he was permanently and totally disabled. An award in proper relation to claimant's wage was allowed. There is no controversy as to the fact of Reynolds being completely disabled, due to incurable paralysis of his lower limbs, nor as to the fact of his employment with the Berger Construction Company in setting poles in a telegraph line.

The petitioners contend that Reynolds' injury was due to an attack of infantile paralysis which struck him at a time when he was engaged in lifting a telegraph pole, whereas claimant's contention, as accepted by the Commission, is that as a result of the shifting of the weight of the pole, which a number of workmen were endeavoring to force into a hole, a wrench was given his back, resulting in the loss of use of his limbs within two or three days.

Dr. Arthur Steindler testified in support of petitioners' contention as follows:

"Q. Assuming, Doctor, that while this man was lifting a telegraph pole, by using a pipe pole, three or four men lifting the telegraph pole and churning it up and down, trying to get the large pole to fit into a hole that was a little bit too small, and this pole gave a sudden lurch in his direction, throwing the entire weight of the pole upon him, and that immediately after that he felt these pains and was forced to discontinue his work, would that change your opinion? A. All these things—these things have been taken in consideration when the diagnosis was made, and the definite reason that we could not make a diagnosis of a traumatic injury to the spinal cord, the most important factor which prevented us from making a diagnosis of traumatic paralysis, was the absence of sensory disturbance. Q. Then, as I understand it, in your opinion, trauma has nothing whatever to do with his present condition? A. No. Q. This was a disease which was dormant in his system, and just happened to come to the acute stage at that particular time? A. That particular time, it struck him at that particular time. Q. If a man is suffering from traumatic paralysis, is there any absence of sensation, or, that is, is there necessarily absence of sensation? A. If he is suffering from a traumatic paralysis at that level, namely, in the lumbar spine, there would be an absence of sensation because then the crush of the bone

would hit what is called the cauda equina, which is an aggregation of spinal nerves formed from the sensory and motor roots, and therefore carry both motor and sensory function."

Dr. W. T. Tilley testified to the contrary and in support of respondent's contention, that he examined the claimant; that he agreed that the injury was the cause of his condition and that disease was not the cause.

Dr. James S. Vittums, Muskogee, testified that he had examined Reynolds and had discussed his case with Drs. Fite and White. His testimony supports the award for compensation.

Dr. John Riley, as an expert, testified to hypothetical questions embracing the essential facts in the history of this case, in effect that a hemorrhage of the spinal cord was the cause of claimant's disability and that infantile paralysis would be excluded from the cause under the history of the case under consideration.

Likewise Dr. Antonio D. Young testified, "I would say, with the history and followed ᵤy paralysis and retention of urine, that it would mean an injury of the cord."

Consequently we hold that there was competent evidence to sustain the findings of the Commission and the order and award based thereon.

The remaining contention is that error occurred in the Commission's action in overruling and denying petitioners' application and supplemental application to take further testimony on the ground of change in condition and newly discovered evidence.

As we view it, the granting of a rehearing upon the ground of newly discovered evidence is a matter that rests in the exercise of sound discretion—not subject to review, at least, without a showing of gross abuse of that discretion. Thrash v. Graver Corp. et al., 131 Okla. 260, 268 Pac. 718. From a view of the whole case, we conclude there was no change in condition, but an effort to adduce further testimony bearing upon the original condition after disability.

The affidavits to support the motion justify the conclusion of the Commission that the object was simply to re-present the question as to whether the present total disability of claimant Reynolds was the result of infantile paralysis, uninfluenced by the accidental injury occasioned in his hazardous employment, or whether it was the result of such injury. The evidence sought to be so adduced partook of the nature of expert testimony and opinion evidence. Moreover, the testimony of Dr. Steindler had already been had except for certain measurements since made by him—all of which was consistent with his former testimony and theory. Consequently the offer was cumulative and corroborative.

The award is affirmed.

MASON, C. J., LESTER, V. C. J., and CLARK, HUNT, CULLISON, and AN-DREWS, JJ., concur. SWINDALL, J., absent, not participating.

Note.—See under (1) anno. L. R. A. 1916A, 266; L. R. A. 1917D, 189; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. p. 1872; 5 R. C. L. Supp. p. 1581; 7 R. C. L. Supp. p. 1011. See Workmen's Compensation Acts—C. J. §115, p. 117, n. 58; §127, p. 122, n. 39, 40; §129, p. 124, n. 61.