## FEDERAL MINING & SMELTING CO. et al. v. OWENS et al.

No. 23210. Opinion Filed April 19, 1932.

J. Fred Swanson, Ray McNaughton. and A. G. Croninger, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., and Marshall W. Hinch, for respondents.

CULLISON, J. This is an original proceeding in this court to review an order of the State Industrial Commission made and entered November 28, 1931, overruling the motion of the petitioners herein to discontinue compensation to the claimant, L. Albert Owens.

The record discloses the following facts: L. Albert Owens, the claimant, sustained an accidental injury to his back, March 28, 1930, while in the employ of Federal Mining & Smelting Company, one of the petitioners herein. The employer's insurance carrier reported to the Commission that compensation was started on April 3, 1930. On September 24, 1930, the petitioners herein filed with the Commission their "motion to dis-

continue compensation," alleging that claimant was not disabled on and after September 3, 1930, and praying the Commission to make and enter an order discontinuing compensation to the claimant as of September 4 (1930).

Claimant filed his "application for immediate hearing" in this matter, alleging that petitioners had stopped paying him compensation or furnishing him medical attention, and that claimant is entirely destitute and without means to procure the necessities of life. Pursuant to notice of hearing being given all parties on October 30, 1930, a hearing was had at Miami, Okla., on November 11, 1930. On April 10. 1931, the Commission entered its order and award in said matter, overruling the motion of petitioners to discontinue compensation, and ordering that compensation be continued from September 3, 1930, to and including April 10, 1931, and further compensation payments made until otherwise ordered by the Commission.

On September 12, 1931, petitioners filed their second "motion to discontinue compensation." In said motion, petitioners admit that, on March 28, 1930, claimant sustained the accidental injury complained of, and that the claimant was thereby temporarily totally disabled up to and including the 2nd day of September, 1931, but allege that said disability of claimant as a result of the aforesaid accidental injury ended on September 3, 1931. Petitioners attached to their motion a copy of the report of an examining physician, Dr. M. M. DeArman, dated September 3, 1931, and prayed the Commission to make and enter an order discontinuing compensation to the claimant as of September 3, 1931.

Notice of hearing was given to all parties on November 5, 1931, and pursuant thereto a hearing was had before Inspector T. J. McConville, at Miami, Okla., on November 17, 1931.

Thereafter, on November 28, 1931, the State Industrial Commission entered its order overruling petitioners' motion to discontinue compensation, which said order, omitting the caption, is in words and figures as follows:

"Order.

"Now, on this 28th day of November, 1931, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to a hearing held at Miami, Okla., November 17, 1931, before Inspector McConville, duly assigned to hear said cause, on motion of respondent and insurance carrier to suspend compensation. the claimant appearing in person and by Mar-

shall W. Hinch, the respondent and insurance carrier appearing by H. R. Palmer; and the Commission, after reviewing the testimony taken at said hearings, and all the reports on file, and being otherwise well and sufficiently advised in the premises, makes the following findings of fact:

"(1) That, on the 28th day of March, 1930, the claimant was in the employment of the respondent, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury, arising out of and in the course of his employment, by having his back injured.

"(2) That the average daily wage of the claimant at the time of said accidental injury was $4.25 per day.

"(3) That claimant has been temporarily totally disabled from 28th of March, 1930, and is at this time wholly unable to perform manual labor. That claimant has been paid compensation from March 28, 1930, less the five-day waiting period, to September 2, 1931.

"(4) That on September 12, 1931, respondent and insurance carrier filed their motion to discontinue compensation.

"Upon consideration of the foregoing facts: The Commission is of the opinion that that the claimant is entitled to eleven weeks' and 5 days' compensation, at the rate of $16.35 per week, or the sum of $193.48, from September 3, 1931, to November 24, 1931, on account of temporary total disability to claimant's back, and that said compensation should be continued at the rate of $16.35 per week until further order of the Commission, and that respondent's and insurance carrier's motion to discontinue compensation is overruled.

"It is therefore ordered: That respondent's and insurance carrier's motion to discontinue compensation be and the same is hereby overruled.

"It is further ordered: That within 15 days from this date the respondent or insurance carrier pay to the claimant the sum of $193.48 compensation for eleven weeks and five days, from September 3. 1931. to November 24, 1931, and to continue such compensation until further order of the Commission: that all medical bills be paid. and to tender claimant such further medical and hospital treatment as is necessary.

"It is further ordered: That within 30 days from this date the respondent or insurance carrier file with the Commission proper receipt or other report evidencing compliance with the terms of this order.

"Upon the adoption of the foregoing order. the roll was called and the following voted aye: Doyle, Chairman; McElroy, C., Fannin. C.

TJM :MT"

Petitioners have filed in this court their petition to review the foregoing order of the Commission, urging as error the single proposition:

"There was no competent evidence to support the order and award of the Industrial Commission of November 28, 1931."

It will be observed, in passing, that the case thus presented for our consideration is virtually identical with and its disposition follows that of, the case of Canadian Mining & Development Co. v. Robbins, 155 Okla. 20, 7 P. (2d) 886, decided by this court February 2, 1932.

The order of the Industrial Commission complained of was made upon a hearing on petitioners' motion to discontinue compensation. At said hearing the burden of proof was upon the petitioners herein to establish to the satisfaction of the Commission that the disability of the claimant had ceased. This view has been heretofore expressed by this court in the case of Employers' Liability Assurance Corporation v. Coffman, 147 Okla. 227, 296 P. 395, 396:

"We are of the opinion that, the injury being admitted and the same being a compensable injury, the burden of proof was on petitioners to prove that the disability caused by the injury had ceased, and that the disability respondent is now suffering from resulted from disease. To announce any other rule would require the claimant to retry his case every time the insurance carrier stopped compensation. In this case the injury was admitted."

Again, quoting from the Coffman Case:

"We are of the opinion that the burden was on petitioners to prove the disability resulting from the injury had ceased."

The burden of proof to establish the allegations in said motion to discontinue compensation was upon petitioners. The Commission having found they did not sustain that burden of proof, the following rule applies:

"That decision of the Industrial Commission is final as to all questions of fact, if there is any competent evidence to reasonably support it. This court is not authorized to weigh the evidence upon which any finding of fact is based, and will consider that evidence only for the purpose of determining whether or not there is any competent evidence to reasonably support the finding of fact." Maney & Alley v. Fletcher, 140 Okla. 54, 282 P. 153.

Claimant's testimony was that walking over rough ground causes him to suffer sharp pains in his back; that he experiences inability to sleep well, frequently upon awakening finding his left leg numb, thus necessitating the application of hot water bottles or vigorous rubbing to remove the

numbness; that by reason of his injury he has to sling his left leg when he walks in a somewhat limping fashion; and, in general, that he had tried and found himself unable to perform labor as a result of his back injury.

Dr. M. M. DeArman, testifying in behalf of petitioners, admitted that he knew of no way to tell whether or not a man was suffering pain, for that is something which the sufferer alone knows about and describes. He testified that he did not think claimant a malingerer, and that if he did he would speak his convictions. The doctor's further testimony was in conflict generally with that of the claimant.

The fact that the Commission, in weighing the evidence before it, gave greater weight to that of the claimant than to that of the expert witness on the question involved is not error in view of the ruling of this court in the case of Creek Coal Mining Co. v. Paprotta, 73 Okla. 119, 175 P. 235:

"It is not error to permit a nonexpert witness to express an opinion concerning the physical ability of an injured party to perform labor, where such opinion is based upon facts that are obvious, and does not call for the expression of an opinion arrived at by the process of reasoning and deduction."

It stands to reason that a workman is better qualified to judge his ability to perform a class of labor with which he is acquainted than an expert who has not had experience in the same kind of work.

It is difficult to make a set of rules that apply to every case. Each individual case must be determined upon its own peculiar facts and circumstances. The law must be given the liberal interpretation in order that it may serve its purpose. Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115.

The order of the Commission here sought to be reviewed was the decision of the Commission upon a question of fact before it. There being ample evidence to sustain said finding of fact by the Commission, the well-known rule of this court in industrial cases applies, viz.:

"Where there is competent evidence tending to sustain the findings of fact made by the State Industrial Commission, the same is conclusive on this court." Loffland Brothers Co. v. State Industrial Commission, 148 Okla. 190, 298 P. 259.

The petition to review the order of the Commission denying the motion of petitioners to discontinue compensation is denied, and the order of the State Industrial Commission of November 28, 1931, is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.