## GULF STATES CORP. et al. v. LISTON et al.

No. 24212. Opinion Filed May 23, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Murrah & Bohanon, for respondents.

BAYLESS, J. W. P. Liston, hereinafter called claimant, was employed by Gulf States Corporation, hereinafter called petitioner, whose insurance was carried by Consolidated Underwriters. About April 26. 1932, the claimant, while in the course of a hazardous employment for the petitioner, received an accidental injury arising out of his employment by being struck in the left eye by a chip of steel. All parties concede that there is a total loss of vision in the left eye and that claimant is industrially blind in said eye. After filing the claim for compensation for the loss of the left eye, the claimant contended that his right eye had become affected as a result of the injury, and amended his claim with the permission of the Commission to seek compensation for a loss of vision in both eyes. The Commission found that he had a loss of vision of 100 per cent. in the left eye and 8 per cent. in the right eye, and under subsection 3 of section 7290, C. O. S. 1921, the Commission calculated the percentage of loss of vision of both eyes to be 54 per cent., found the wage to be $11.54 per week, and awarded compensation for 270 weeks.

The petitioner and insurance carrier appealed from this award and present two assignments of error: (1) There is no competent evidence to sustain the finding of the Commission of a loss of vision to the right eye as a result of the injury; and (2) there is no competent evidence to sustain the finding that the average wage of the claimant was $3.01 per day.

We have carefully examined the record in this case, which contains the testimony of Doctors A. L. Guthrie, L. M. Westfall. and C. F. Loy, each of whom had examined the claimant and testified and gave his opinion of the extent of the claimant's loss of vision and the cause therefor. Dr. Westfall and Dr. Loy are unable to find any connection between the injury and the loss of vision to the right eye. However, Dr. Guthrie. as a result of three or four examinations, finds a loss of vision in the right eye which he attributes to a sympathetic condition brought about by the injury to the left eye.

This is competent legal testimony sufficient to sustain the award of the Commission, and we will not weigh the conflicting testimony of the doctors to determine which opinion is the better. We have held in the case of Capitol Drilling Co. v. Cole, 143 Okla. 279. 288 P. 473. that a loss of vision in one eye, attributable to a sympathetic condition caused by an injury to the other eye, is a compensable injury under the Workmen's Compensation Law of Oklahoma. The award of the Commission in this respect must be affirmed.

As to the second assignment of error, we feel that it is well taken. In the employee's first notice of injury, dated May 3, 1932, the

average daily wage is given as $2.64 per day and based thereupon compensation for temporary total disability was paid at the rate of $10.13 per week. In the employee's first notice of injury, dated May 19, 1932, the claimant's average daily wage is given as $3.01 per day. At one place in the record the claimant stated that his average wage was 33 cents an hour, and that a day's work was supposed to be 8 hours, but on some occasions he would work as many as 15 or 16 hours. He stated that he did not have with him the book in which he kept track of his wages, so that he could state definitely what his average daily wage was. At another place in the record he states that he had been receiving 40 cents per hour but had been cut to 33 cents per hour, and the attorneys stipulated that compensation had been paid on a basis of $2.64 per day, or $10.13 per week. The claimant admits in his brief that the evidence upon this point is not satisfactory, but contends that the employee's first notice of injury, dated May 19, 1932, showing the average daily wage to be $3.01, plus his testimony that he received 33 cents per hour and oftentimes worked overtime, is sufficient to sustain the finding of the Commission that the average daily wage was $3.01 per day. However, he says further that, in the event this court is of the opinion that this evidence is not sufficient to sustain the finding that this court make such award as it deems the record to justify. We feel that there is no competent evidence in the record upon which the Commission can definitely base a finding of an average daily wage of $3.01 per day. We do not feel that it is proper for this court to make findings upon questions of this kind unless the evidence upon the point is clear and definite.

Therefore, the award of the Commission upon the loss of vision is sustained, but that part of the award fixing the average daily wage at $3.01 per day is vacated, and the matter is remanded to the Commission, with instructions to make a finding of an average daily wage in keeping with the evidence contained in this record, or in its discretion to take further evidence in the matter to determine the average daily wage of the claimant and to make its award accordingly.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur.