## JUNIOR & SOONER OIL & GAS CO. et al.
### v. PFALZGRAF et al.

No. 24476. Opinion Filed May 31, 1933.

Green & Farmer, for petitioners.

Babb, Bennett & Babb, for respondent John C. Pfalzgraf.

CULLISON, J. This is an original proceeding in this court to review an order of the State Industrial Commission made and entered January 30, 1933, overruling the motion of the petitioners herein to discontinue compensation to the claimant, John C. Pfalzgraf.

Counsel for petitioners contend that there is no substantial competent evidence to sustain the order of the State Industrial Commission made on the 30th day of January, 1933, and that same should be vacated and set aside as a matter of law. This calls for a review of the record.

The record herein discloses that on December 5, 1931, claimant was in the employ of one of the petitioners herein; that on said date he suffered an accidental injury to his right shoulder in the nature of a sprain, resulting in traumatic neuritis, when he pulled a burning car from a gas meter. Pursuant to the filing with the Industrial Commission of the reports of the attending physician, employee, and employer concerning the injury, claimant was paid compensation for temporary total disability from December 8, 1931, to October 8, 1932, less the five-day waiting period, or a period of 43 weeks at the rate of $18 per week, totaling $774. On October 29, 1932, there was filed with the Commission a motion to discontinue compensation on the ground that the attending physicians of claimant report the claimant has recovered from his injury.

Claimant testified that prior to the injury he was an able-bodied man, and throughout his testimony he describes his injury and pain, stating that he is not able to work at this time.

His contention was supported by Dr. E. M. Woodson, who testified that in his opinion the neuritis was the result of the injury, and that claimant's present condition was such that he was not able to do manual labor at this time. It was stipulated that if Dr. Hunt was present, his testimony would be the same as that of Dr. Woodson, supra.

On behalf of the petitioners, Doctors Ned R. Smith and Fred A. Glass testified that in their judgment claimant had entirely recovered from his injury, Dr. Smith testifying that his final diagnosis of claimant was that he was a malingerer.

The Commission found that the motion of petitioners herein to discontinue the further payment of compensation to claimant as of October 8, 1932, should be overruled, which order petitioners herein seek to have vacated.

We cannot say that we would reach the same conclusion as the Commission, but we are not permitted to weigh conflicting evidence under the following rule, which is too well established to require the citation of authorities:

"An award and finding of the State Industrial Commission upon questions of fact is final and conclusive, where there is any competent evidence reasonably tending to support said award and judgment, but where an award is made and there is no evidence supporting said award, the same will be vacated and set aside on review."

It will be observed, in passing, that the case presented for our consideration is controlled by, and its disposition follows that of, the cases of Canadian Mining & Development Co. v. Robbins, 155 Okla. 20, 7 P. (2d) 886, and Federal Mining & Smelting Co. v. Owens, 156 Okla. 241, 10 P. (2d) 688.

The petition to review the order of the

Commission denying the motion of petitioners to discontinue compensation is denied, and the order of the State Industrial Commission of January 30, 1933, is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS and WELCH, JJ., absent.