**THE ANNA MAUDE et al. v. STATHAM.**

No. 23537.    Opinion Filed June 13, 1933.

Pierce, Follens & Rucker and Fred M. Mock, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., for respondent.

BUSBY, J. This is an original proceeding in this court instituted for the purpose of reviewing and vacating an award of the State Industrial Commission in which the claimant herein was determined to have suffered an accidental injury falling within the provisions of the Workmen's Compensation Law. Claimant was drying dishes in the Anna Maude Cafeteria in Oklahoma City at the time of the injury complained of.

The Commission awarded compensation in the sum of $21.63 for temporary total disability. The determination of the nature and extent of the permanent partial disability of the claimant, if any, was reserved for future consideration.

The disability complained of was a ganglion on the right wrist of the claimant. The award made by the State Industrial Com-

mission was based on the theory that the ganglion was the result of an accidental injury. The petitioners urge that the evidence is wholly insufficient to support this view. They assert the only view that is sustained by the testimony is that the condition of the claimant's wrist was brought about by a constant use of the same in connection with her work over a long period of time.

All the parties to this proceeding recognize the law to be that the finding of the Commission on disputed questions of fact are final and conclusive upon this court and will not be disturbed where there is any competent evidence in the record supporting the same.

At the time of the accidental injury complained of, claimant was drying ordinary service dishes used in the cafeteria These dishes were being lifted from a dish washer which when in operation was driven by an electric motor. However, no machine was being used by the claimant in her work.

It is somewhat difficult to understand how a person could suffer a severe wrench or strain or receive a bruise sufficient to produce an injury in the simple act of drying an ordinary dish. The testimony of the claimant does not particularly enlighten us in this respect. She testified (we quote): "Q. You say as you were picking these dishes up this pain struck you? A. Yes, sir. Q. You didn't fall down at the time, or anything like that? Just the pain struck your wrist? A. No, I wasn't conscious of falling down, or anything like that. Q. Nothing fell against you? That is, you didn't fall against anything or anything fall against you? Just this pain struck you when you were handling these dishes? A. Yes."

At no place in her testimony does the claimant describe any wrench, twist, or bruise received by her which might have brought about the condition complained of. The nearest approach to such a statement was an affirmative answer to a leading question propounded by the Industrial Commission inspector who conducted the hearing. This question presupposes but does not inquire about the occurrence of such a wrench or twist. From an examination of the claimant's testimony we deem it entirely insufficient to support a finding that the disability was the result of an accident.

The only other witness who testified in this case was the physician who had treated the claimant. The substance of his testimony is disclosed by the following excerpts therefrom: "Q. Would you diagnose this as occupational—that is, resulting from her occupation? A. I said this: That these things usually occur in people who use their wrists a lot. You most commonly see them in piano players and typists, and in view of the fact this lady had been using her wrist a lot in washing and drying dishes, I considered it occupational. Q. From constant use over a period of time? A. In all probability. It may be from a blow she had some time."

As we view the record, the testimony before the Commission indicates that the claimant suffered from a condition occupational in nature resulting from a continued use of her wrists over a long period of time. (It appears in this connection that she had worked for her present employer about two and one-half years before the commencement of the disability complained of.) There is an absence of competent evidence in the record to support the finding of the Commission. It has been many times decided by this court that the Workmen's Compensation Law of this state does not cover disability resulting from occupational diseases. The distinction between an accidental injury and an occupational disease is thoroughly discussed in the recent case of Wilson & Company, Inc., of Oklahoma v. George McGee and State Industrial Commission, 163 Okla. 99, 21 P. (2d) 25. We deem it unnecessary to burden this opinion with an extended discussion of this distinction.

Petitioners also contend that the award of the Commission should be vacated for the additional reason that the claimant was not engaged in a hazardous occupation within the terms of the Workmen's Compensation Act. The view that we take in connection with the first contention of the petitioners herein renders unnecessary a consideration of the second proposition urged in the petition. The award of the Commission is vacated.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and BAYLESS, JJ.. concur. OSBORN and WELCH, JJ., absent.