EAGLE-PICHER MINING & SMELTING CO. v. LINTHICUM et al.

No. 25079. June 12, 1934

Rehearing Denied Sept. 11, 1934.

John Campbell and A. C. Wallace, for petitioner.

Wm. M. Thomas, for respondent.

OSBORN, J. This is an original action to review an award of the State Industrial Commission entered in favor of claimant, Fred Linthicum, against respondent, Eagle-Picher Mining & Smelting Company.

Claimant was employed by respondent as a shoveler in a mine. On November 27, 1932, while attempting to lift a loaded ore can, he sustained an injury to his back. A hearing was had before the Commission and an award made for temporary total disability.

The only error assigned is that the evidence is insufficient to support the award. Claimant testified that on the date of the injury he was assisting in loading cans on the tracks; that the cans weighed about 1,-650 pounds, and while he was lifting with his full strength he pulled something loose in his back; that he reported the injury the same day, and was immediately removed to the hospital, and was treated for the back injury; that they put tape on his back at the point of the injury; that he remained in the hospital until December 15th, when he took pneumonia, and was finally discharged from the hospital on December 29th; that on the date of the hearing (June 2, 1933), he was still receiving treatment for his back, and was unable to return to work; that he suffered continuous pain, but that

the pain had subsided and was not so severe as it had been at the time of the injury.

Dr. G. P. McNaughton, as an expert in radiology, testified for claimant to the effect that he made a physical and X-ray examination of claimant on May 23, 1933. The following appears in the record of his testimony:

"Q. What were your findings? A. Enlargement of the liver, subluxation of the lumbar sacroiliac, fifth lumbar vertebra is displaced backwards over the sacral articulations. Q. Doctor, what in your opinion is the cause of the condition that you describe? A. Judging from the history the man gave me, I would say it was the result of some accident or injury—having nothing else to base the condition on."

The doctor further testified that, in his opinion, claimant was not able to perform manual labor, and advised further treatment.

Dr. Mat. A. Connell testified for respondent that he treated claimant at the hospital and diagnosed his trouble as influenza, which later developed into a severe case of pneumonia; that, in his opinion, it was possible that the symptoms of which claimant complained might be attributed to influenza and pneumonia.

Dr. Richard Russell testified for respondent that he treated claimant for influenza and pneumonia, but found no evidence of traumatic injury on the body of claimant.

Dr. M. M. DeArman testified for respondent that he thought the pain in claimant's back was due to influenza or pneumonia; that he had examined the X-ray pictures, and to his mind they were negative, and did not show a subluxation of the lumbar sacral articulations, and, in his opinion, it was impossible for the fifth lumbar vertebra to be displaced backwards.

It is upon this testimony that respondent bases its contention that the Commission erred in its finding that claimant's disability was due to an accidental personal injury arising out of and in the course of employment. This testimony is disputed and conflicts with the testimony of claimant's witness to the effect that there was a displacement of the vertebra. It has been settled by numerous decisions of this court that, in actions of this nature, this court will not weigh conflicting evidence and determine the weight and value thereof. It is equally well settled that an award will not be disturbed by this court where there is competent evidence tending to support the same.

The award is sustained.

CULLISON, V. C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur.