**EVANS-WALLOWER LEAD CO. v. DRY et al.**

No. 26890.   Sept. 29, 1936.

Rehearing Denied Oct. 20, 1936.

Butler & Brown, for petitioner.

Leo J. Williams, M. J. Parmenter, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 7th day of December, 1935, the State Industrial Commission entered an award finding that on the 31st day of March, 1934, the claimant was in the employ of the respondent and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury arising out of and in the course of his employment, being a strained back; that his average daily wage was $2.50; that as a result of his injury claimant suffered a temporary total disability, upon which finding the commission ordered payment for such temporary total disability consisting of 57 weeks. This proceeding is instituted to vacate the award and the sole question raised is whether there is any competent evidence in the record to support the award.

Claimant testified that he was employed as a repair man in the mill of the petitioner, who is engaged in the mining of lead; that on the date mentioned he was raising up a lever on some of the machinery in said mill of the petitioner in order to place the same in a position to insert a bolt, and that in so attempting to repair the lever he raised too hard, strained his back, and suffered the injury resulting in the disability claimed. A fellow worker, J. H. Currans, who was there at the time, testified in corroboration of the injury to claimant.

Dr. G. P. McNaughton and Dr. Richard Russell both testified for the petitioner, and their testimony, if believed, leads to the conclusion that at the time of the hearing the claimant was not suffering from any injury received on March 31, 1934, but that if he was disabled at that time it was due to a prior injury suffered on February 10, 1933. The testimony of both of these physicians leads to the conclusion that the injury suffered on February 10, 1933, had completely healed, and that the claimant was suffering no such disability in their opinion. It is not denied that claimant had suffered such an injury in February, 1933, and had received treatment therefor

at intermittent periods, but had been kept upon the pay roll of the company, and that no award was ever made in connection with such injury, and so far as that injury is concerned, it forms no basis for the award claimed in this proceeding.

Dr. Aisenstadt testified for the claimant and gave as his opinion that the claimant was suffering a disability consisting of a back injury due to the accident of March 31, 1934. On cross-examination the doctor was confronted with a report he made to the petitioner as an examiner for the petitioner, which report is dated February 3, 1934, and which report indicated that claimant had completely recovered from his injury of February 10, 1933; and the chief object of the respondent at the hearing and the petitioner herein is to show that Dr. Aisenstadt bases any evidence of a disability upon the same showing as made on the examination of the patient in February, 1934. The examination of Dr. Aisenstadt upon which he bases his testimony as regards the injury of the claimant was made in September, 1934. The evidence of the doctor on the hearing is that from his examination of September, 1934, he found claimant suffering the disability. The logical conclusion is that something happened in between the time that the doctor found the claimant a well man and when he found him suffering a disability; that is a question of fact for the determination of the commission.

The doctor in response to a question of the petitioner stated that he was assuming that there was no injury prior to March 31, 1934, and upon that basis he was of the opinion that the disability the claimant was now suffering was a result of the injury of March 31, 1934. He further testified that in his opinion the disability resulting from the injury of March 31, 1934, was in a different location to that of the former injury.

We are of the opinion, and hold, that there is competent evidence to support the award. Petitioner cites the following cases in support of the rule that there is no competent evidence to support the finding of the commission: Hinderliter Tool Co. v. Snyder, 163 Okla. 50, 20 P. (2d) 558; Tidal Refining Co. v. Ballard, 163 Okla. 259, 21 P. (2d) 1054; Gulf States Corp. v. Liston, 164 Okla. 36, 22 P. (2d) 376; Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. (2d) 907; The Anna Maude v. Statham, 164 Okla. 124, 23 P. (2d) 203. The first two cases deal with the question of notice and The

Anna Maude v. Statham, supra, is a case which was reversed for the reason that there the uncontradicted evidence showed that the disease suffered was an occupational disease. We refer to the case of Eagle-Picher Lead Co. v. Black, supra. That was a case in which a claimant suffered a disability for which an award had been entered and moved to reopen the same upon a change in condition. The gist of that opinion is found in the following words:

"If the burden is upon the claimant to show a change of condition, and a change of condition in this instance means that his condition has changed for the worse since May 31, 1928, due to the original injury, we say that claimant has failed to sustain this burden, for he says himself that he was unable to work then or now, even though his condition has gradually grown worse, but he does not say that it is the result of the injury. It was proper to question Dr. Simpson about his examination of the witness in 1932, and it was proper for the doctor to give his opinion, based upon the history of the case as given him by the claimant and his examination, but statements made by the claimant to the doctor in 1932, concerning his injury in 1928, cannot be considered as res gestae."

And the holding of this court was that, since there was no competent medical evidence supporting such award for the reason that the doctor did not know whether there had been a change of condition, the award could not stand.

Just prior to this opinion the writer of that opinion had promulgated the doctrine in Gulf States Corp. v. Liston, supra, and quoted from in the brief of the petitioner, the syllabus of which is as follows:

"The State Industrial Commission, under the Workmen's Compensation Law, is the exclusive trier of facts where a claim for compensation is presented; and findings of fact made by the State Industrial Commission are conclusive upon the Supreme Court where the findings are supported by evidence; but where the cause is presented to the Supreme Court, and the findings of the commission upon questions of fact are assailed, it becomes the duty of the court to determine, as a matter of law, whether there is evidence to support the finding, and where it is determined that there is no evidence to support the findings, the court will disapprove and set aside the finding."

That statement was not made with reference to the physical disability, but with reference to the error of the State Industrial Commission in misconstruing the uncontradicted evidence with relation to the average daily wage. Regarding the evidence of disability, the court said:

"We have carefully examined the record in this case, which contains the testimony of Drs. A. L. Guthrie, L. M. Westfall, and C. F. Loy, each of whom had examined the claimant and testified and gave his opinion of the extent of claimant's loss of vision and the cause therefor. Dr. Westfall and Dr. Loy are unable to find any connection between the injury and the loss of vision to the right eye. However, Dr. Guthrie, as a result of three or four examinations, finds a loss of vision in the right eye which he attributes to a sympathetic condition brought about by the injury to the left eye.

"This is competent legal testimony sufficient to sustain the award of the commission, and we will not weigh the conflicting testimony of the doctors to determine which opinion is the better."

This court, in the case of Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P. (2d) 560, said:

"The board is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor are they required to give credence to the greater amount of evidence as against the lesser."

To the same effect see Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 55 P. (2d) 847.

The award is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.