TERMINAL OIL MILL CO. et al. v. YOUNGER et al.

No. 29355.    Dec. 17, 1940.

*108 P. 2d 542.*

William O. Johnson, of Oklahoma City, for petitioners.

Owen F. Renegar and Richard R. Linn, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. This is an original proceeding brought by Terminal Oil Mill Company and its insurance carrier, as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of the respondent, William Lewis Younger, hereinafter referred to as the claimant.

The evidence introduced on behalf of claimant was substantially that claimant was injured while shoveling cotton seed with a scoop shovel in the course of his employment in the petitioner's gin; that at the time of the injury claimant was working under an overhead conveyor which was approximately three and one-half feet above the floor, and which prevented his straightening to a full standing position; that in attempting to swing a scoop full of said seed from the floor into a second conveyor, which was about 24 inches high, he was seized with a sudden sharp pain in his back which, according to claimant's testimony, "Felt like someone had cut me across the back with a knife and I fell to my knees and got sick and kind of blind and had a nervous spell like I had had a chill. * * *" The claimant further testified that at the time he was injured he was shoveling the cotton seed with a medium-sized scoop shovel, and that the cotton seed contained considerable sand and that the loaded shovel weighed from 20 to 35 pounds. (Petitioner offered testimony to the effect that the weight of the loaded scoop was twelve pounds.) Claimant further testified that at the time he was stricken he was in the process of lifting the loaded scoop. His testimony on this particular point is, in part, as follows:

"Q. You couldn't raise to a standing position while you were working there under that overhead conveyor. A. No, sir. Q. And you were in this stooped position, throwing the seed and to the right of you? A. Yes, sir, into the other conveyor, the lower conveyor. Q. But as you scooped you were in a bending position, due to that conveyor that ran overhead? A. Yes, sir, I was bent over right smart. * * * Q. Were you on the downward swing or had you started lifting up and around, on the upward swing, when this happened? A. I had just got the scoop full and just started raising up when the pain caught me. Q. You had started the upward lift when it happened? A. Yes, sir. Q. Mr. Younger, in making your swing of this scoop full of seed and sand did you make one continuous swing, an upward and side movement and throw it into the conveyor? A. Well, yes."

The testimony further disclosed that the claimant was taken home immediately after his injury and received medical attention for several weeks thereafter.

The testimony of Dr. B. H. Moore was to the effect that he had examined the claimant and that from the history of the case, coupled with the outward symptoms of disability, the disability was the result of the above-described injury.

The only issue presented is whether from all the facts and circumstances there was an accidental injury arising out of and in the course of employment. The petitioners contend that, since there was no blow, no fall or slipping, and no unusual strain, and since respondent had done nothing different from what he ordinarily did in the performance of his duties, the so-called injury could not have arisen out of and in the course of his employment. Petitioners cite and rely upon the language in, and comment on the fact situations in, the following cases of somewhat analogous nature: National Biscuit Co. v. Lout,

179 Okla. 259, 65 P. 2d 497; Turner v. Ford, 183 Okla. 567, 83 P. 2d 844; Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751; and other cases, mostly from other states.

We have analyzed these cases and find that they are distinguishable from the present case. In National Biscuit Co. v. Lout, supra, the employee was in the act of stooping to pick up a sack when he received his injury. In Oklahoma Leader Co. v. Wells, supra, the employe was stricken while leaning over to pick up a pair of pliers. In Turner v. Ford, supra, the employee was pushing a wheelbarrow up an incline when he became temporarily disabled. The reading of this latter case further discloses that there was no competent evidence showing that the alleged accidental injury caused the resulting disability. In each of these cases it was held that the injury of the employee did not arise out of and in the course of his employment. We find it unnecessary to discuss the correctness of the holdings in these cases due to the fact that in the case at bar the respondent was injured while in the process of lifting the loaded scoop shovel. This injury was no doubt the result of a strain.

In an unbroken line of decisions we have consistently held that the Workmen's Compensation Acts were passed for the benefit of the employee, and that the various laws affecting such workmen should receive a broad and liberal construction with a view of compensating injured employees when their injuries occurred within the broad and liberal construction of the acts.

We think the rule is aptly and correctly stated in National Biscuit Co. v. Lout, supra, wherein we said:

"* * * As we have said in Ward v. Beatrice Creamery Co., 104 Okla. 91, 230 P. 872, 'the term "accidental injury," as used in the Workmen's Compensation Act of this state, must not be given a narrow meaning, but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction, with a view of compensating injured employees, where the injury results through some accidental means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action.' "

This court on several different occasions has held that a disability resulting from strain is compensable, even though there were no surrounding circumstances to increase the injury. This was the holding in the following cases: Junior & Sooner Oil & Gas Co. v. Pfalzgraf, 164 Okla. 59, 22 P. 2d 911; Beck Mining Co. et al. v. State Industrial Commission, 88 Okla. 34, 211 P. 69; Evans-Wallower Lead Co. v. Dry, 178 Okla. 48, 61 P. 2d 561; Indian Territory Illuminating Oil Co. v. Pound, 156 Okla. 101, 9 P. 2d 417; Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. 2d 450; and Berger v. Reynolds, 139 Okla. 163, 282 P. 143.

In the case of Junior & Sooner Oil & Gas Co., supra, claimant suffered neuritis as a result of spraining his shoulder while pulling a burning car from a gas meter. In the case of Beck Mining Co. et al., supra, claimant suffered from apoplexy and partial paralysis as a result of sprains suffered on two different occasions. An award was sustained in the case of Evans-Wallower Lead Co., supra, where the employee testified he sprained his back while lifting a lever in adjusting a pulley belt. In the case of Eagle-Picher Mining & Smelting Co., supra, the employee sprained his back while lifting a loaded ore can.

Particularly well reasoned cases from other jurisdictions involving the present question are Giguere v. Whiting Co. (Vt.) 177 Atl. 313; Bystrom v. Jacobson (Wis.) 155 N. W. 919; and Big Jack Overall Co. v. Bray (Va.) 171 S. E. 686. Also, see the cases annotated in 98 A.L.R. 205, and Schneider's text on Workmen's Compensation, vol. 1, 2nd Ed., § 247, beginning at page 693.

The test in each case containing a fact situation similar to the one involved herein must be that which will deter-

mine as nearly as possible from a practical standpoint whether there has been an accident which could reasonably cause the injury. The rule has been expressed in various language. It is the application of it which is difficult and apparently confusing.

In view of all the facts and circumstances, we think unquestionably that there was sufficient evidence to sustain the finding of the commission that claimant received an accidental injury, consisting of a strained back, arising out of and during the course of his employment.

The award is affirmed.

BAYLESS, C. J., and OSBORN, CORN, and NEFF, JJ., concur.