STILLWATER MILLING CO. et al. v. MOTT et al.

No. 33291. Sept. 28, 1948.

*197 P. 2d 966.*

Swank & Swank, of Stillwater, for petitioners.

Brown Moore, of Stillwater, and Mac Q. Williamson, Atty. Gen., for respondents.

BAYLESS, J. On the 17th day of August, 1946, Fred A. Mott, claimant, filed his first notice of injury and claim for compensation stating that on May 29, 1946, while employed as a laborer hauling feed to a feed mixer for the petitioner, Stillwater Milling Company, he wrenched his left hip, sustaining an accidental injury. On June 30, 1946, the State Industrial Commission entered an award for permanent partial disability resulting from an injury to the hip and back and awarded claimant $21 per week for 100 weeks. This proceeding is brought to review the award.

The single allegation of error presented in the brief of petitioners is that there is no competent evidence reasonably tending to support the finding of the State Industrial Commission that claimant sustained an accidental injury. Petitioners rely upon The Anna Maude v. Statham, 164 Okla. 124, 23 P. 2d 203; Oklahoma Leader Co. v. Wells, 147 Okla. 294, 296 P. 751; Prairie Oil & Gas Co. v. Brown, 150 Okla. 299, 1 P. 2d 783; and Armour & Co. v. Worden, 189 Okla. 106, 114 P. 2d 173.

The evidence discloses that claimant was a laborer in the mills of petitioner, Stillwater Milling Company; that on May 29, 1946, he was employed on the first floor of the milling company. His duties included the lifting of sacks of feed from the flood onto a truck and hauling them to the feed mixer for processing.

He describes the accident as follows:

"Well, along in the morning I was working on a feed wheeler and along somewhere near 11:00 o'clock, I was working with a load of feed. I kind of hurt myself a little and just held back and was rubbing my back and Herb says, 'Fred, what is the matter with you?' and I said, 'I hurt my back a little there,' and I stood there a little while and Herb helped me and I went on and worked until noon and I went home and laid down on the bed and put a hot pack down on my hip and got up and went back down there and worked until along the middle of the afternoon and I just got down in my hips until I couldn't get up and down. Q. What happened to your back or your hip? Were you lifting or what were you doing? A. Working a wheeler, had a load of feed on it, and put my feet on the wheel to keep it from rolling back or pulling on it. Q. Were you working with machinery? A. I was working with wheeler, hauling feed up and feeding the feed mixer. Q. Was it your left hip or right hip? A. My left hip."

He further testified that he placed an average of five sacks, each weighing 100 pounds, on the two wheeled truck at each load. It is his further testimony that his doctor advised him that he wrenched his left hip in doing the heavy work.

The cases cited by petitioners where an award was vacated are disposed of either on the ground that there was no medical evidence of a disability resulting from an accidental injury, or that there was no strain or other evidence of an accidental injury causing the disability. When all the evidence is reviewed, we are of the opinion that the case at bar comes within the rule announced by this court in City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094; and Burch v. Slick, 167 Okla. 639, 31 P. 2d 110, which in effect hold that when the substance of the evidence reasonably informs the State Industrial Commission of the facts upon which it can base a finding, such evidence need not be given categorically. Although the evidence could have been more definite in certain respects, the claimant fixed a specific date for the injury and a specific cause for the strain. Two doctors testified for the claimant. They were definite in their conclusion that the disability resulted from the strain caused by the lifting of the heavy sacks and fixed the date of this cause of injury as May 29, 1946.

In Terminal Oil Mill Co. v. Younger, 188 Okla. 316, 108 P. 2d 542, it is stated:

"This court on several different occasions has held that a disability resulting from strain is compensable, even though there were no surrounding circumstances to increase the injury. This was the holding in the following cases: Junior & Sooner Oil & Gas Co. v. Pfalzgraf, 164 Okla. 59, 22 P. 2d 911; Beck Mining Co. et al. v. State Industrial Commission, 88 Okla. 34, 211 P. 69, 28 A.L.R. 197; Evans-Wallower Lead Co. v. Dry, 178 Okla. 48, 61 P. 2d 561, Indian Territory Illuminating Oil Co. v. Pound, 156 Okla. 101, 9 P. 2d 417; Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. 2d 450; and Berger v. Reynolds, 139 Okla. 163, 282 P. 143."

In the reply brief petitioner cites and relies upon Phillips Pet. Co. v. Eaves, 200 Okla. 21, 190 P. 2d 462. The opinion in that case is based on the statement that there is no evidence of a strain or other accident causing the disability.

We therefore conclude that the evidence reasonably sustains the finding that claimant strained himself by the heavy work he was doing conveying the feed on the two wheeled truck from the place where it was stacked on the floor of the mill to the feed mixer.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, CORN, and ARNOLD, JJ., concur.