GULF OIL CORPORATION v.
KINCANNON et al.

No. 33401.    May 16, 1950.

*218 P. 2d 625.*

William C. Liedtke, Russell G. Lowe, Redmond S. Cole, C. L. Billings, James B. Diggs, Jr., and Charles L. Follensbee, all of Tulsa, for petitioner.

Frank Seay and Dick Bell, both of Seminole, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, V.C.J. Claimant filed his first notice of injury and claim for compensation stating that while employed as a roustabout and pumper for petitioner, Gulf Oil Corporation, he sustained an accidental injury on or about the 4th day of April, 1946, resulting in heart strain. On the 15th day of November, 1947, after conducting hearings to determine the cause and extent of disability, the State Industrial Commission entered its order finding that he had an accident and as a result of the injury sustained thereby the claimant was totally and permanently disabled and entered an award for the maximum of $10,500. This proceeding is brought by the petitioner to review the award.

The evidence for the claimant discloses that on the 4th day of April, 1946, he was "kicking" an engine on a well known as the Jasper Hale No. 3 in an attempt to start the engine. This is a process by which with labored efforts of the hands and feet the employee attempts to start the engine by moving the fly wheel, which is approximately six feet in diameter. He testified that he labored in this manner a large portion of the day and as a result of this exertion he became exceedingly tired and felt a tingling in his left chest and arm. He completed his work for the day and went home, and at midnight of the same day suffered a heart attack by reason of which he was sent to the hospital. He was thereafter examined and discharged because of heart disability. The following questions were asked him and he gave the indicated answers:

"Q. Now, just go ahead and tell the commissioner what happened to you? A. Well, I was kicking it and all of a sudden, there was a pain came in here and into my arm and I got sick and then it seemed like I was going to vomut; it come up on both sides of my throat and I had to get over and sit down. Q. Now, Mr. Kincannon, you said there was a pain came here and you indicated on your body at your left chest? A. Yes, it went into my arm, tingling pain, just sharp like that, just went right down like that, sharp pain. Q. You are indicating your left arm, is that correct? A. Yes, my left arm. Q. Now, go ahead. A. And so I had to sit down and rest, just give up for a while and then I went to the house after I got to feeling better and recuperated, got me a drink and I stayed around there quite a little bit. I was around on the lease there until Mr. Sutton came, and when he came, then we tried it again and he got in his car and went and got a spark plug and then we kicked the engine off."

Expert medical testimony for the claimant supports the proposition that as a result of the severe exertion on the 4th day of April, 1946, he sustained a heart strain resulting in permanent total disability.

Petitioner in its first proposition argues that the evidence is wholly insufficient to establish that claimant sustained an accidental injury causing disability. It is the position of petitioner that the disability is due to a former heart disease. The testimony of petitioner's witnesses supports this proposition.

This court, on several different occasions, has held that a disability resulting from severe strain is accidental and compensable. Gulf Oil Corporation v. Rouse, 202 Okla. 395, 214 P. 2d 251; Carden Mining & Milling Co. v. Yost, 193 Okla. 423, 144 P. 2d 969; Terminal Oil Mill Co. v. Younger, 188 Okla. 316, 108 P. 2d 542; Evans-Wallower Lead Co. v. Dry, 178 Okla. 48, 61 P. 2d 561; Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. 2d 450; Junior & Sooner Oil & Gas Co.

v. Pfalzgraf, 164 Okla. 59, 22 P. 2d 911; Indian Territory Illuminating Oil Co. v. Pound, 156 Okla. 101, 9 P. 2d 417; Berger v. Reynolds, 139 Okla. 163, 282 P. 143; and Beck Mining Co. et al. v. State Industrial Commission, 88 Okla. 34, 211 P. 69, 28 A. L. R. 197. Petitioner attempts to distinguish Carden Mining & Milling Co. v. Yost, supra, and argues that it was based on a fact situation which disclosed a strain resulting from unusual exertion. The commission reasonably could have determined that the strain here was unusual in severity and duration. It found there was an accident and this finding includes a finding of the necessary ingredients of an accident by strain. Petitioner relies on National Biscuit Co. v. Lout, 179 Okla. 259, 65 P. 2d 497. An examination of this case will show that we recognized that under certain circumstances a strain suffered by an employee resulting in disability constituted accidental injury.

The evidence is in conflict as to the cause and extent of disability, and the rule is that, in such case, there being evidence reasonably tending to support the finding of the State Industrial Commission, the award will not be disturbed on review. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847; City of Kingfisher v. Jenkins, 168 Okla. 624, 33 P. 2d 1094.

In its second proposition petitioner argues that the State Industrial Commission erred as a matter of law in holding that the petitioner had actual notice of the injury and was therefore not prejudiced by the failure to give the statutory written notice required by 85 O.S. 1941 §24. It is admitted that the statutory written notice was not given.

The purpose of the required statutory written notice (85 O.S. 1941 §24) within 30 days after the occurrence of an accident, is to prevent prejudice arising to the employer by reason of lack of knowledge of the occurrence of an accident. Prejudice might arise out of inability to make a proper investi-

gation or it might arise out of inability to furnish medical aid and prevent resulting disability that might otherwise occur. The failure to give the notice is excusable on two grounds: that the notice could not have been given or that the employer was not prejudiced by the absence of notice. In this instance, Frank Sutton, claimant's foreman, knew of his illness and had worked with claimant a part of the day in attempting to start the engine in question. It was out of this work that the injury is alleged to have occurred. However, there is no evidence that Sutton was ever given the details of the occurrence of the alleged accident.

Mr. Duckworth, staff assistant, whose duty it is to investigate such cases as this, heard of the illness of claimant, investigated his case, and sent him to Drs. Glass and Pigford who examined him in the latter part of April. As a result of these examinations, claimant was declared totally and permanently disabled by reason of heart disease and discharged as a nonemployment disability. The record shows that claimant had medical attention since the alleged occurrence of the accident on the 4th day of April until his discharge after the examinations by the company doctors.

Claimant testified that he worked alone on the day of the alleged accident with the exception of an hour or so when Sutton, his foreman, was there helping him.

Though the commission's finding that Sutton had actual notice of the accident, as contemplated by the Act, may be in error, the commission determined that the employer was not prejudiced by the failure of claimant to give the required statutory written notice within 30 days. We cannot say, as a matter of law, under the foregoing facts and circumstances, that this was error. See Fischer-Kimsey Co. v. King, 196 Okla. 92, 162 P. 2d 519; Skelly Oil Co. v. Grimm, 196 Okla. 122, 163 P. 2d 234; Massachusetts Bonding & Ins. Co. v. Welch, 195 Okla. 636, 159 P. 2d 1017;

and Oklahoma Natural Gas Co. v. White, 187 Okla. 627, 105 P. 2d 225.

Award sustained.

DAVISON, C. J., and WELCH, LUTTRELL, JOHNSON, and ONEAL, JJ., concur. CORN and HALLEY, JJ., dissent.