**PHILLIPS PIPE LINE COMPANY,**
own risk, Petitioner,

v.

Hardy BROWN and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36939.

Supreme Court of Oklahoma.

June 5, 1956.

Rehearing Denied July 20, 1956.

Application for Leave to File Second Petition for Rehearing Denied

Oct. 9, 1956.

Rayburn L. Foster, Harry D. Turner, Bartlesville, Cecil C. Hamilton, William H. McPherson, Oklahoma City, for petitioner.

Mike Foster, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Claimant, Hardy Brown, filed his first notice of injury and claim for compensation stating that while employed by Phillips Pipe Line Company he sustained an accidental injury arising out of and in the course of his employment on October 12, 1954. The

State Industrial Commission found claimant had sustained an accidental injury resulting in temporary disability for which he had received full payment, but ordered the payment of medical and hospital bills. This proceeding is brought by Phillips Pipe Line Company, own risk, hereinafter called petitioner, to review the award.

Claimant testified that while working for petitioner on the date in question he and two other employees were in a motor vehicle on their way to repair a pump. In stepping from the motor vehicle in which he was riding he sprained his back; that the injury to his back manifested itself at all times thereafter, and when a fellow workman asked him to hand him a piece of equipment, he was unable to move in the direction necessary to comply with the request, without pain. He was hospitalized, and an operation was performed to correct the back injury. The operation was successful. A competent physician testified that claimant sustained the injury to his spine as the result of stepping from the motor vehicle.

The single issue presented is whether the State Industrial Commission erred as a matter of law in finding that claimant sustained an accidental injury. Petitioner does not deny that, in stepping from the motor vehicle, claimant was doing something arising out of and in the course of the employment, nor is it seriously contended that there is no competent evidence reasonably tending to support the finding that in doing so claimant sustained an accidental injury resulting in disability.

In Terminal Oil Mill Co. v. Younger, 188 Okl. 316, 108 P.2d 542, 543, it is stated:

"This court on several different occasions has held that a disability resulting from strain is compensable, even though there were no surrounding circumstances to increase the injury. This was the holding in the following cases: Junior & Sooner Oil & Gas Co. v. Pfalzgraf, 164 Okl. 59, 22 P.2d 911; Beck Mining Company v. State Industrial Commission, 88 Okl. 34, 211 P. 69, 28 A.L.R. 197; Evans-Wallower Lead Co. v. Dry, 178 Okl. 48, 61 P.2d 561; Indian Territory Illuminating Oil Co. v. Pound, 156 Okl. 101, 9 P.2d 417; Eagle-Picher Mining & Smelting Company v. Linthicum, 168 Okl. 631, 35 P.2d 450; and, Berger v. Reynolds, 139 Okl. 163, 282 P. 143."

In Choctaw County v. Bateman, 208 Okl. 16, 252 P.2d 465, 468, it is stated:

"The language used in all of these cases indicates that it is the strain which constitutes the accidental injury. If there is any unusual incident, or condition it is mentioned as evidence to support the finding as to the strain."

Petitioner concedes the binding effect of these opinions but states that in each case there has been a lifting, pulling, shoveling or other exercise incident to some work performed by the claimant and that the rule does not apply in a case where the accident happens, and the injury results, from stepping from a motor vehicle where there is no slipping, falling or other untoward event. We do not agree. If the strain comes from a physical effort in doing the work, it constitutes an accidental injury arising out of and in the course of the employment. The strain resulted from the stepping from the motor vehicle which was just as necessary as lifting, pulling or shoveling.

Petitioner cites National Biscuit Co. v. Lout, 179 Okl. 259, 65 P.2d 497; Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751; Phillips Petroleum Co. v. Eaves, 200 Okl. 21, 190 P.2d 462, among other cases.

In Liberty Glass Co. v. Harlin, Okl., 265 P.2d 1096, 1097, we said:

" * * * In each of these cases cited the court pointed out that there was no evidence of a strain that caused the disability. * * * "

In Stillwater Milling Co. v. Mott, 200 Okl. 562, 197 P.2d 966, we said:

"Under 85 Okl.St.Ann. § 1 et seq.; an accidental injury is one where the injury results through some accidental

means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action."

See, also, Clarksburg Paper Co. v. Roper, 196 Okl. 504, 166 P.2d 425.

■ There is competent evidence reasonably tending to support the finding that claimant sustained an accidental injury arising out of and in the course of his employment resulting in disability.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, JACKSON and HUNT, JJ., concur.