## EAGLE-PICHER MINING & SMELTING CO. v. QUALLS et al.

No. 26456. Dec. 17, 1935.

John Campbell and A. C. Wallace, for petitioner.

D. H. Cotten and E. G. Avery, for respondents.

CORN, J. This is an original action to review an award of the State Industrial Commission.

The claimant, L. R. Qualls, alleges that while working in a lead mine of the Eagle-Picher Mining & Smelting Company he was overcome by gas and fell backward on a pile of rocks injuring his kidneys, which injury resulted in illness, disability, and consequent loss of time. He was awarded $145.-44 compensation by the Industrial Commis sion for said disability.

For vacation of said award the petitioner relies upon the following assignments of error:

"There is no evidence that claimant ever sustained an injury or disability as the result of accidental injury arising out and in the course of his employment, while on the contrary the undisputed evidence is that claimant's disability, if any, is the result of congenital deformity and disease.

"The claim is barred by failure to give the statutory notice as required by section 13358, Oklahoma Statutes 1931, formerly section 7292 of Compiled Oklahoma Statutes 1921."

Both of these assignments of error are questions of fact upon which specific findings were made by the Industrial Commission. As to notice, the commission found that the employer had actual notice of the injury and was not prejudiced by failure to give written notice.

"An award of the State Industrial Commission will not be disturbed by this court where there is competent evidence reasonably tending to support the same." Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. (2d) 450.

An examination of the record discloses that there is competent evidence to support the findings of the commission, and the award is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.