## PINE v. STATE INDUSTRIAL COMMISSION et al.

No. 27392.    Sept. 21, 1937.

Rehearing Denied Oct. 12, 1937.

C. B. McCrory, for petitioner.

Hamilton & Clendinning, Wayne C. Evans, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award of the State Industrial Commission. On the 24th day of June, 1936, the commission entered its award finding that on March 22, 1935, W. C. Rogers was in the employ of W. B. Pine, engaged in a hazardous occupation within the terms and meaning of the Workmen's Compensation Law, and on said date sustained an accidental personal injury arising out of and in the course of his employment, to wit, an injury to his side; that his average daily wage at the time of the injury was $4 per day and his weekly rate of compensation was $15.39; that said W. C. Rogers continued to work until April 5, 1935, and that thereafter he was temporarily totally disabled for the performance of ordinary manual labor until December 25, 1935, and ordered payment in the sum of $569.43, being compensation from April 23, 1935, less the 5-day waiting period. to December 23, 1935, or 37 weeks at $15.39 per week with reasonable, authorized and necessary medical expenses.

The parties will be referred to as petitioner and respondent. The petitioner presents four propositions under his assignments of error. The first three are:

"1. The commission was not warranted in entering an award for the reason that claimant originally claimed an injury to his 11th and 12th ribs, and 42 days later in the court of hearings (materially shifting) adopted a theory of injury (not involved in the accident) to his transverse colon.

"2. The commission, under the evidence, was not warranted in finding that claimant was temporarily totally disabled from the bump on claimant's rib section.

"3. The findings, and particularly finding 3, does not support the award rendered, in that the findings do not show that the temporary disability found is found to be the result of the hit or bump on claimant's rib section."

They are presented together. Respondent testified that at about 10:30 a. m., March 22, 1935, while working for the petitioner as a roustabout, and engaged in fishing rods, the rod on which he was working was broken; that he put the wrench on the rod and it slipped and respondent fell over against the pipe; that the pipe struck him on the left side against the ribs, and that the injury left a mark that was visible at the time of the hearing July 1, 1935; that the accidental injury was reported to George F. Ogg at the office the date he got hurt, and that the petitioner sent him to Harber Clinic, and he was there 30 minutes and was sent to the hospital, where an X-ray was taken; that he was then taped up and sent home. Petitioner told him to lay off a day or two, after which he went back to the doctor several times and he was kept taped up tight until April 12, 1935, at which time he was taken to Okmulgee, from which time he was in the hospital there until April 23, 1935. At that time he went home, and on May 2, 1935, petitioner sent him to a doctor's office for another X-ray and he was taken back home; that he had pains in his side and was spitting blood; that he lost 13 pounds and it hurt him to eat and his appetite was not good; that after he returned from Oklahoma City he needed medical attention, but that they did not furnish him any; that he went to Dr. Ware on May 3, 1935, who treated him and he was under the care of Dr. Ware for some time; that he had been to see other doctors and his condition was on July 1, 1935, the same as it was at the time of the injury; that he is 28 years old, is married, and has worked for petitioner five years, and that his daily wage was $4.

Dr. Ware testified that he examined respondent on several occasions, the first time May 3, 1935; that respondent gave a history of the accidental injury at the junction of the lower ribs with the sternum; that the objective symptoms he found were discoloration of the tissue, swelling and tenderness; that a week before July 1, 1935, he examined respondent and found the same discoloration and swelling; that X-ray taken at the time discloses that he has had an injury to the transverse colon at the junction of the transverse portion with the descending portion of the colon; that the picture shows the colon is not handling food in the proper way and that it is his opinion respondent has an obstruction in the colon due to trauma; that the border of the ribs and costalcartilage is injured and in an inflamed condition and that respondent was totally disabled at the time witness gave his testimony July 1, 1935; that the disability resulted from the injury of March 22, 1935.

Dr. Childs, on August 26, 1935, by a deposition contained in the record, testified he

found respondent 25 pounds underweight resulting from loss of flesh since the accidental injury, and corroborated Dr. Ware as to the obstruction of the colon and found evidence of injury shown by a bruise about the size of an orange. He testified that in his opinion the disability resulted from the injury of March 22, 1935.

Some argument is made about the place of striking of the pipe not being in the same region as shown by the testimony as given by respondent's doctors.

Doctor Throgmorton for the petitioner found an injury in the left side of the lower chest and anterior. This is the location mentioned by the physician testifying for the respondent and so reported by the attending physician to the petitioner directly after the accidental injury. We find no serious conflict in this testimony. We are of the opinion and hold as to the first three propositions mentioned above that there is competent medical expert testimony to support the award in so far as to the finding that the respondent was suffering from a disability resulting from the injury and that he was temporarily and totally disabled. We have said in Fain Drilling Co. v. Deatherage, 179 Okla. 409, 65 P. (2d) 1212:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon, when reasonably supported, will not be disturbed."

In Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. (2d) 847, we said the State Industrial Commission is at liberty to refuse to give credence to any portion of evidence which in its opinion is not entitled to credence, and that it is not required to give credence to the greater amount of the evidence as against the lesser. In Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. (2d) 450, we said an award of the State Industrial Commission will not be disturbed by this court where there is competent evidence reasonably tending to support the same. We are of the opinion and hold that there is competent evidence that there was injury resulting in the disability, and that such evidence reasonably tends to support the award.

The fourth proposition is that the findings and the money award are erroneous and contrary to the evidence, and that the evidence is undisputed that this claimant received his salary from the petitioner for a period up to and including May 6, 1935, instead of April 5, 1936. On May 6, 1935, petitioner wrote respondent the following letter:

"May 6, 1935.

"Mr. W. C. Rogers
    "Route 1, Box 500
        "Seminole, Oklahoma.

"Dear Sir:

"We have the impression that you desire to discontinue working for us on or about our lease. We are advised after arranging for you to go to the hospital and remain there subject to examination and after you have been carefully and thoroughly examined by a number of doctors, that though you are well able to work, you are not disposed to do so, and under the circumstances we are sending you your final check which corresponds with your time card.

"Yours very truly,
    W. B. Pine."

We think the record bears out the fourth proposition to the extent of $24 received in this communication. In Markham v. State Industrial Commission, 85 Okla. 81, 205 P. 163, it is said:

"When it is apparent that the order of the State Industrial Commission is correct, except on account of an oversight a party is not given credit to which he is entitled or on account of an error in computation the amount of the award is incorrect, this court will correct such oversight or error, and with the corrections so made affirm the order."

We, therefore, think the award should be affirmed, with the direction to the State Industrial Commission to give the proper allowance and credit for the $24 received.

A final specification of error is made that the general order, following the findings, that the medical expenses be allowed is erroneous. The order allows the authorized, reasonable and necessary medical expenses, which includes only such as are authorized by the employer. No other feature of such expenses is presented by the record, and we express no opinion thereon.

The award is affirmed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.