## PURE OIL CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 27806.   Dec. 7, 1937.

Rehearing Denied Feb. 21, 1938.

Application for Leave to File Second Petition for Rehearing Denied April 12, 1938.

C. A. Ambrister, for petitioners.

Waldrep & Skinner and Mac. Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The Pure Oil Company seeks to review an award of the State Industrial Commission in favor of U. V. Dewees entered on the 27th day of February, 1937. The parties will be referred to as petitioner and respondent. Respondent was in the employ of the petitioner at the plant at Muskogee, Okla. On the 13th day of February, 1936, he stepped into a trough of hot water, scalding his left leg. He received immediate treatment from Dr. Fite. Subsequent to this injury he was operated on for appendicitis by another Dr. Fite and remained in the hospital from the date of the operation on June 13, 1936, until June 23, 1936. On the 17th day of July, 1936, he accepted employment as fireman for the K., O. & G. Ry. Company, for which company he worked until the 15th day of August, 1936.

The State Industrial Commission found

that he was totally temporarily disabled from the 13th day of February, 1936, to and including the 1st day of July, 1936, and also suffered a permanent partial disability to his left leg below the knee of 40 per cent. and 10 per cent. permanent partial disability to the left hand, and awarded him compensation accordingly. They ordered payment of $630 from July 1, 1936, to March 2, 1937, and found that the petitioner had paid $162 on the permanent partial disability.

The first proposition presented is that the State Industrial Commission erred in granting the award to respondent for a condition which arose after the injury sustained in the accident had healed and during the employment with a different employer. Plainly this is a partially correct statement. Respondent could only be paid for a permanent partial disability to the left leg and hand, which disability resulted from the accidental injury of February 13, 1936. In this connection it is urged that respondent quit the employ of the petitioner and went to work for K., O. & G. Ry. Company, and that by the hard labor he was forced to perform he was injured. We fail to find such testimony in the record. On the other hand, there is competent evidence that the disability which the respondent sustained arose from the injury of February 13, 1936. The testimony in this connection was conflicting, and petitioner relies upon its medical expert testimony to the effect that bruises could be received incident to the nature of the work which respondent performed with the railroad company which would set up infection. In Magnolia Pet. Co. v. Phillips, 169 Okla. 1, 35 P. (2d) 448, we said:

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the State Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review; but where there is no competent evidence, the award will be vacated."

We know of no authority which holds that if respondent suffered a permanent partial disability as a result of such injury, he would be deprived of a right to an award therefor because he was working for another employer.

The second proposition is that the State Industrial Commission erred in granting the award to the respondent when he had forfeited his right to the same by failing to continue treatment and indulging in unauthorized activity. It is a cardinal principle that an injured employee must accept medical treatment which would lessen in any degree his disability, where such treatment can be given to him without physical danger. We fail to find where the record supports the contention of the petitioner that the respondent failed to accept any necessary medical treatment. Petitioner alleges that respondent got well from the injury to the leg, therefore, he was capable of earning anything he wished to earn after July 1, 1936, for petitioner had released him as well prior to that date. Since it was the claim of the petitioner that his leg got completely well, and it was not liable therefor, it is hard to understand why his disobedience of its order to return for further observation after an operation for appendicitis prejudiced the petitioner in any way. We find no evidence of such prejudice. There is competent medical expert testimony that the petitioner suffered a disability to the leg and to the hand, and that his disability is due to the accidental injury of February 13, 1936. Such competent evidence sustains the award. Eagle-Picher Mining & Smelting Co. v. Linthicum, 168 Okla. 631, 35 P. (2d) 450. Therein it is said:

"An award of the State Industrial Commission will not be disturbed by this court where there is competent evidence reasonably tending to support the same."

Finally it is urged that the State Industrial Commission erred in computing an award for the reason that the undisputed testimony shows that the petitioner paid the respondent $504 on the award for permanent partial disability. The record discloses that the petitioner paid $504, $342 of which was for temporary total disability, leaving a balance of $162 to be applied on a permanent partial disability. We find no error in the method of computing the award.

The award is affirmed.

OSBORN, C. J., and RILEY, WELCH, PHELPS, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and CORN, J., absent.