## RICHEY v. UNION PAVING CO.

### No. 4685.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1934.

Overton & McSween, of Alexandria, for appellant.

Thornton, Gist & Richey, of Alexandria, for appellee.

DREW, Judge.

In this case the lower court has rendered a well-prepared written opinion which fully sets out the issues, facts, and law covering the case, and we hereby adopt it as the opinion of this court. It is as follows:

"Plaintiff, Phillip R. Richey, brings this suit under the Workmen's Compensation Act against the Union Paving Company claiming compensation for injury in the sum of $20 per week, during total disability, not to exceed 400 weeks, less a credit for payments over a period of 80 weeks admitted to have been made.

"Plaintiff alleges as grounds for his demands the following facts, to wit:

"That on or prior to June 1, 1931, he was employed by the defendant as an operator of a drag line machine engaged in loading and unloading crushed rock and gravel at its mixing plant at Rhinehart, La.; that on the afternoon of June 2, 1931, while so employed and engaged, and as the result of the strenuousness of his work and the extreme heat of the place in which he was required to work, he suffered a heat stroke and an acute dilation of the heart; that as a result of this injury, plaintiff claims to have been totally incapacitated from doing any work of a reasonable character and that this incapacity is permanent in its nature. Plaintiff further alleged his wages at the time of his injury to have been 50 cents per hour and that he worked from 10 to 12 hours per day.

"The above demands are resisted by the defendant on the grounds that plaintiff's condition was not brought about by reason of a heat stroke or dilated heart or the accident alleged, but resulted solely and exclusively from the progress of a prior myocarditis, ankylosis, and other diseases.

"On trial of this issue the court is favored with the benefit of the testimony of no less than ten competent physicians, but, unfortunately, their diagnoses are not all of one accord. It can be said, however, that all agree that the plaintiff is, at the present time, totally incapacitated. After carefully weighing the testimony and the physical facts, it cannot be denied but that the plaintiff suffered a heat stroke and dilated heart while in the employment of the defendant. The surrounding circumstances, coupled with the testimony of a competent physician who attended him at the time, forces the court to the conclusion that this attack and injury were brought on as a direct result of the strenuous work and heat of his employment. This court is further confirmed in this conviction from the fact that defendant's insurer, the Union Indemnity Company, now in bankruptcy, caused a thorough examination to be made of plaintiff soon after his accident, and as a result and from the report of this examination plaintiff was paid compensation for 80 weeks. Having reached this conclusion, however, does not determine the issues of this case. The immediate and determining conclusion to be reached is whether or not the inducing and proximate cause of plaintiff's present disability is directly traceable to his injury on June 2, 1931, or that he has recovered from the effects of this injury and his present disability is solely the result of myocarditis or other diseases not related to his employment. If the latter conclusion should be reached, then when did the one end and the other begin? In determining this issue it is only reasonable that the court will be forced to give greater weight and credence to the testimony and opinion of the physicians who have had the plaintiff under continuous treatment and observation since his injury. Drs. Richardson and Durham have had such relations with the plaintiff, and are both of the opinion and conviction that the plaintiff's present condition is the direct result of the heat stroke and acute dilation of the heart suffered by reason of his employment. The court can and does agree with their opinion, without in the least rejecting the diagnosis of other diseases. The fact that plaintiff does now, or did prior to his injury, suffer from myocarditis and other diseases, could not affect his rights to compensation, provided his present disability is directly traceable to his injury during employment. Though there may have been a pre-existing heart disease, progressive in its nature, plaintiff nevertheless would be entitled to compensation 'if that disease was aggravated and accelerated by an accidental injury which arose out of and in the course of the employment and was the proximate cause of the disability.' Becton v. Deas Paving Co., 3 La. App. 683.

"Conceding that the plaintiff is afflicted with myocarditis, or other heart diseases, and that he was so afflicted prior to the injury alleged, it is reasonably certain that the heat

stroke and the dilated heart attack of June 2, 1931, aggravated and accelerated such diseases as to cause his premature collapse and his present total disability.

"The testimony shows that the plaintiff had worked under the contract of employment, in force at the time of his injury, only two days, viz., June 1 and June 2; that his wages for these two days amounted to the sum of $11.25. His weekly wage being in excess of $31, he is therefore entitled to compensation in the sum of $20 per week.

"From the testimony it is evident that the plaintiff has been forced to a medical and hospital expense much greater than the maximum allowed him by law. He is therefore entitled to an allowance of $250 medical bill, less a credit of $48, being the total of the amounts paid to Dr. Richardson and Dr. Durham.

"For the reasons above assigned, it is therefore ordered, adjudged, and decreed that the plaintiff, Phillip R. Richey, have judgment against the defendant, Union Paving Company, in the sum of $20 per week, during his total disability, not to exceed 320 weeks beginning one week after December 14, 1932, with interest at 5 per cent. per annum on each respective payment from date of maturity until paid.

"It is further ordered, adjudged, and decreed that the plaintiff have judgment against the defendant in the further sum of $202 for medical and hospital bills, and for all costs of this suit, including the fees of the expert witnesses, viz., Drs. C. B. Durham, J. I. Peters, J. A. Gaharan, and O. J. Richardson, which fees are hereby fixed at the sum of $15 each.

"Judgment rendered, read, and signed in open court this the 19th day of June, 1933.
"R. R. Reeves, Judge."

It therefore follows that the opinion of the lower court is affirmed, with all costs.