PROTECTU AWNING SHUTTER COMPANY, Employer, NEW YORK CASUALTY COMPANY, Carrier, and FLORIDA INDUSTRIAL COMMISSION, v. MRS. LENA CLINE, widow of WALTER E. CLINE, deceased, Claimant.

16 So. (2nd) 342                January Term, 1944
January 25, 1944                    Division A

*A. Lee Bradford, McKay, Dixon & DeJarnette* and *Walter E. Rountree,* for appellants.

*Knight & Green,* for appellee.

ADAMS, J.:

Walter E. Cline, age 67, on February 4, 1942, and sometime prior thereto, was employed by appellant as a cabinet maker. Cline suffered an ailment of the heart which caused fainting spells. When one of the spells would occur, unless he could recline and relax, he would fall and become unconscious. He had been warned by his physician to refrain from undue standing or physical exertion. On this date when he was completing his day's work he suffered one of these spells and fell, striking his head against the concrete floor causing a skull fracture resulting in death. There was no foreign substance on the floor. Death resulted from the skull fracture and not from heart attack.

The Industrial Commission declined an award to the widow. The circuit court awarded compensation. The only question for us to decide is whether the injury *arose out of the employment*. Our statute affords relief where the injury arises out of, and in the course of the employment. The statute was construed by us in Fidelity & Casualty Co. of New York, et al., v. Moore, 143 Fla. 103, 196 So. 485, and in Sweat, et al., v. Allen, 145 Fla. 733, 200 So. 348. Many cases from other jurisdictions have been cited, a great many of which may be distinguished by reason of different statutory language and others on factual grounds. Frankly, this is a border line case. The judgment is presumptively correct. The purpose of the act is to shoulder on industry the expense incident to the hazards of industry; to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products of industry such expense. Our act affords no relief for disease of physical ailment not produced by industry. The act removes all question of negligence, assumption of risk or wrong doing on the part of the employer. To our mind what impels us to hold this judgment, primarily, is that the injury which actually produced death was the fracture.

The fact that Cline suffered from heart disease, which, no doubt caused him to fall, does not preclude recovery. The chances are he might have fallen and sustained a fatal injury in his own home, yet, it is less likely had he remained in the

quiet of his own home for without the physical exertion encountered in his work by a man of his age and physical condition, the chances of his falling were less likely. Had Cline fallen onto a piece of machinery and sustained the injury an award would hardly be questioned. The fact that he chanced to fall on the floor and unfortunately lost his life should not preclude an award. It is urged that Cline was an aged and sick man and his untimely and unfortunate death was caused solely by his own ailment. In this critical war period, industry requires the services of the aged and infirm. The compensation law is based primarily on social responsibility of one to another. It surely cannot be said that its benefits should be extended in a less degree to those less fortunate than the average worker. The following are well considered cases which sustain recovery in related cases. Brown v. Otto Nelson Company, 123 Me. 424, 123 Atl. 412, 60 A.L.R. 1293; Beck Mining Co., v. St. Ind. Com., 88 Okla. 34, 211 Pac. 69, 28 A.L.R. 197; Carroll v. Ind. Com., 69 Colo. 475, 195 Pac. 1098, 19 A.L.R. 107; Freedman v. Spicer Mfg. Corp., 97 N.J.L. 325, 116 Atl. 427; London Guaranties & Acc. Co., v. Hoage (Dist. of Col.) 72 F (2nd) 191; Mausert v. Albany Builders' Supply Co., 250 N.Y. 21, 164 N.E. 729; Richey v. Union Paving Co., (La.) 151 So. 657.

The judgment is affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.