In the Matter of the Claim of CHRISTIE DASARO, Appellant, against FORD MOTOR COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 13, 1952.

*Richard Lipsitz* for appellant.

*B. T. Mangano* for employer-respondent.

*Nathaniel L. Goldstein, Attorney-General,* for Workmen's Compensation Board, respondent.

BERGAN, J. Claimant suffered an epileptic seizure on the employer's premises while waiting to begin his day's work. He fell and suffered a compression fracture of the ninth dorsal vertebra. The Workmen's Compensation Board has disallowed his claim for compensation and he appeals.

It is the claimant's factual contention that when he became unconscious and fell he struck his back against a radiator or chair in the premises. The board, however, has distinctly found as a fact that claimant did not strike a radiator or chair. While there is a dispute about this we are required to accept that finding as true for the purpose of reviewing the case.

Whether a man seized with a fit falls on a floor and hurts himself or is injured by striking a chair or radiator on the way down may seem something of an inconsequential distinction. But a rule evolved a generation ago makes the distinction and seems to have basis in expressed logic. Whether logical or not, the rule has never been disavowed and we must follow it.

The outline of the rule is observable in three main cases, all decided within four years (1928–1932). In *Matter of Mausert v. Albany Builders Supply Co.* (250 N. Y. 21 [1928]) a teamster fell from his driver's seat; two wheels of the wagon passed over his body and he died.

The injury was treated as one arising out of employment because even assuming the fall to have been the result of illness or some other personal cause (intoxication excluded) the wheels of the wagon were regarded as increasing the general hazard of the fall and hence the injury as having arisen from the employment. " If he had not been driving his wagon and fallen to the street he would not have been hurt." (O'BRIEN, J., p. 25.)

The main limitation of the rule is to be seen in *Matter of Andrews v. L. & S. Amusement Corp.* (253 N. Y. 97) decided two years later. The employee, walking along an alleyway to a faucet to get water for use on a painting job suffered an epileptic fit, fell to the concrete walk, injured his head and died. This accident was held not to have arisen out of employment.

There was no " added risk " in the fall to the sidewalk (p. 100). The " chances of injury " were not increased by the place in which he fell (p. 100). The difference between the sidewalk and the wheels of the wagon was emphasized. Anyone having a fit had an equal chance of injury falling to a sidewalk (p. 100).

In *Matter of Connelly v. Samaritan Hosp.* (259 N. Y. 137 [1932]) the rule had its ultimate formulation. The employee was a laundry worker. While working she fell due to a cardiac

condition. In her fall she struck her head and chest against a table which was part of the laundry equipment and was injured. The table was regarded as a special hazard and one associated with the work (p. 142).

If the board in the case now here was right in finding that claimant did not strike either the radiator or the chair which might be regarded as creating special hazards from the work, but fell directly to the floor, within these authorities the decision holding that the injury did not arise from any special hazard of the employment would be right.

If the cause of the fall be excluded from the work, as of course an epileptic seizure would ordinarily be, the rationale of the rule is that to charge the result to the employment an element must be added by the employment which affects the physical result in some measure.

Claimant makes the point that the floor of the employer's premises is as useful and as special in the employer's enterprise as the radiator, the chair, the laundry table or the wagon wheel. But the ground below is a universal and normal boundary on one side of life. In any epileptic fit anywhere the ground or a floor would end the fall.

We do not feel that the difference between the sidewalk used as the place for work and the floor of the plant has been demonstrated in principle; and we feel called upon rather to follow the rule as it has come down to us than to refine upon it.

The decision of the board should be affirmed, without costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Decision affirmed, without costs. [See *post,* p. 902.]