In the Matter of the Claim of MARGARET W. McCANN, Respondent, against HY-AL LUNCHEONETTE Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made to the widow of a deceased employee. Decedent was employed as a part-time counterman in a luncheonette. He was found during working hours behind a counter in an unconscious condition, and after being revived was taken to a hospital. About two weeks after his discharge from the hospital he " passed out in a subway ", and later lapsed into a coma. He was returned to a hospital, operated on to control an epidural hemorrhage and died three days later. There is substantial evidence connecting decedent's death with the first fall behind the counter in the luncheonette where he then worked. In the state of the proof the decisive issue is whether decedent's first fall was an accident, or came about as the result of a fainting spell induced by internal causes. In other words whether decedent slipped and fell, or whether he fell because of a fainting spell. The board did not determine that issue either in its memorandum decision or in its findings. Instead it said " the surroundings were such that they constituted an extra hazard of the employment which caused the injuries that ultimately proved to be fatal ". We find no substantial evidence in the record to support such a finding. It may be that an award can be justified on new findings, and as to that we express no opinion. Award reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further consideration. Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ., concur.

■

In the Matter of the Claim of EMELIA SAARI, Respondent, against EVERETT L. CRAWFORD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the employer and his insurance carrier from a decision of the Workmen's Compensation Board awarding death benefits. Decedent was a general worker and superintendent on the private estate of his employer and during the summer weeks preceding his death he performed such tasks as cutting and loading hay, covering a roof with tar paper, and gardening. He had complained during this period of frequent dizzy spells. On August 9, 1950, decedent, unaided, unloaded a truck containing metal fence posts, weighing about one-half ton in all. That evening and the next day he complained of dizziness and nausea. On August 11, 1950, while at work, he suffered a cerebral hemorrhage which resulted in his death on August 16th. The appellants' chief point upon this appeal is that the board was in error in finding that an industrial accident had occurred on August 9, 1950, and that the accident had caused the decedent's death. The proof clearly established excessive strain on August 9th and there was medical testimony that this, together with the other acts of overexertion in the heat of the summer, contributed to the decedent's death. This was sufficient to sustain the board's finding. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.