## SKROBICK v. PIONEER GROWERS COOPERATIVE, et al.

Industrial Commission.

February 28, 1956.

Harry Goodmark, West Palm Beach, for claimant.

Earnest, Lewis, Smith & Jones, West Palm Beach, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE, commissioners WALTER L. LIGHTSEY and JAMES CAMERON participated in the disposition of this application for review.

BY THE COMMISSION.

This cause came on to be heard on the claimant's application for review of a deputy commissioner's order dated November 9, 1955, denying his claim, and on motion by the employer and carrier to dismiss the application for review.

Claimant, who was employed by Pioneer Growers Cooperative during March 1952, allegedly was injured when he struck his foot against the side of an open trap door — he continued, however, to work. He also alleges another injury to the same leg during the course of his employment on April 4, 1953, when he slipped on some waste celery. He filed a claim on October 5, 1953 which the employer and carrier controverted on the grounds that (1) he did not give notice of injury, and (2) they had no actual notice thereof.

The deputy found that in the course of his employment claimant struck his foot against the side of an open trap door in March 1952 but continued to work and did not give written notice of injury to his employer within 30 days of its occurrence as required by section 440.18, Florida Statutes, and that neither the employer or his agent had knowledge thereof within the 30 day period. He further found that claimant did not give written notice to the employer within 30 days after his alleged second injury of April 4, 1953 and that neither the employer or his agent had knowledge thereof within the 30 day period.

Before discussing the merits of the application for review, we shall discuss the employer and carrier's motion to dismiss the application because the grounds for review are not stated concisely. Section 440.25 (4) provides that the application must state *concisely* the grounds upon which the appellant relies and that the commission's consideration will be confined solely to the grounds so presented. Rule no. 4 of our rules of procedure [4 Fla. Supp. at p. 237] adopts the language of the statute. Rule no. 11 provides that the cause shall be dismissed upon motion of any interested party for failure to comply with rule no. 4.

Claimant's grounds for review follow — "Comes now the claimant and asks for a review of the award dated November 9, 1955, and for grounds says — 1. It is contrary to the law. 2. It is contrary to the evidence. 3. It is contrary to the law and the evidence."

In several recent cases we have denied motions to dismiss applications for review which set forth similar general grounds only, for the reason that they *did* state "concisely" the grounds upon which the applicant relied. Under the literal definition of the word "concise" the applicant has complied with the statutory provisions and commission rules — notwithstanding the desirability of having grounds stated more *specifically*. In support of this position we cite Johnson v. Johnson, 28 So. 2d 438, where our Supreme Court said —

"For an assignment of error merely to state that the court erred in entering a specified order is customarily treated as sufficient in our practice, but it is not conducive to the best results. An assignment of error is in the nature of a declaration or complaint. It should state a case.

"An appellate court should be liberal in not exacting too much nicety in the specifications of error assigned, *and on the contrary the appellants should be generous in designating with a fair degree of certainty the specific grounds for reversal.* See 2 Am. Jur., Sec. 694, et seq." (Italics added.)

The employer and carrier's motion to dismiss the application for review is therefore denied.

On the merits, the issues involved are — (1) whether claimant gave notice of injury under provisions of section 440.18, (2) if he did not do so, whether the employer or its agent had actual knowledge thereof, and (3) whether the deputy abused his discretion by not excusing the failure to give notice.

By his own testimony claimant admits he did not give his employer notice of the accident occurring in March 1952 — and as late as July 1953 he had not advised his employer of *any* accident occurring in 1953. Section 440.18 (1) provides — "Notice of an injury or death in respect to which compensation is payable under this chapter shall be given within thirty days after the date of such injury . . ." Subparagraph (4) of the same section provides that in the event claimant fails to give the required notice, his claim shall not be barred if (a) the employer or his agent has knowledge of the injury and the employer and carrier are not prejudiced by such failure, or (b) if the failure to give the required notice is excused by the commission on the ground that for a satisfactory reason such notice could not be given.

The statutory provision requiring notice to be given to the employer serves a dual purpose. First, it enables the employer to provide immediately medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and, second, it serves to facilitate the earliest possible investigation and determination of facts surrounding the injury. As Larson states in his Workmen's Compensation Law, section 78.31 (b), it is not enough that co-employees are aware of an injury, but actual knowledge must be transmitted to the employer or his agent. At section 78.32 Larson states —

"The general disposition of compensation law and its administrators to prevent forfeiture of compensation rights for lack of notice whenever any reasonable ground exists should not be allowed to create the impression that notice of injury is a hollow formality that may safely be disregarded. The requirement, as has been shown, is no mere technicality. It serves a specific function in protecting the legitimate rights of the employer, and the leniency of its enforcement cannot be carried to the point where these rights of the employer are prejudiced.

"More particularly, once the record shows that the required notice has not been given, the fatal effect of this showing must be offset by definite findings showing the kind of excuse or lack of prejudice which will satisfy the statute. The commission cannot remain silent on the issue of excuse or prejudice and leave appellate courts to infer that some excuse must have been found. The burden, of course, is on the employee to prove facts establishing an excuse once a failure to comply with the statute has been shown."

There is competent substantial evidence in the record to support the deputy's findings that claimant failed to give notice of injury and as to the lack of knowledge of any injury on the part of the employer or his agent.

The only remaining question is whether the deputy abused his discretion when he did not excuse the failure to give notice. From our examination of the record it does not appear that claimant carried the burden of establishing "that for some satisfactory reason such notice could not be given." There was no ground on which the deputy could have excused the failure to give notice.

The deputy's findings of fact are supported by competent substantial evidence, which accords with logic and reason, his order complies with the essential requirements of the law, and it is affirmed.