PEARSON, Judge.
The deputy commissioner concluded that the claimant sustained an injury by accident arising out of and in the course of his employment.[1] (Emphasis supplied.) His findings as to the facts out of which the injury occurred were that:
“ * * * while working on the premises of his employer at Miami Beach, Florida, he was in a bent over position with his head down for an undetermined period of time placing mortar underneath a form for piling, straightened up when he received a call from one of his co-employees, acknowledged the call, and fell to the ground which was made up in that vicinity of rock, sand, and gravel, falling directly backwards in a prone position and shortly thereafter raised himself to a sitting position and continued working although he had pain in the lower part of his back the following day and up until the time he was unable to continue working and commenced receiving medical treatment three days thereafter, but there was no medical evidence to indicate that the fall was produced by a pre-existing condition.
The full commission held that the deputy had drawn the wrong conclusion of law from the evidence submitted to him because there was no evidence in the record to show that the employment caused the fall. The commission therefore held that there was no competent substantial evidence to support the award.
Upon petition for certiorari, the claimant presents the question: For an injury to arise out of employment is it necessary for the employment to have causal relationship to the injury? Obviously, the law of proximate causation has no place in the Workmen’s Compensation Law. Gray v. Employers Mut. Liability Ins. Co., Fla. 1953, 64 So.2d 650. In Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342, an award was allowed to a widow, where her husband fell from a dizzy spell caused by heart disease and fractured his skull on a concrete floor. Death was attributed to the skull fracture and not to the heart attack. The court held that an award was proper because it was less likely he would have sustained the fatal injury in the quiet of his own home where he would not have had the physical exertion encountered in his work and would not have fallen on a concrete floor. Later the Supreme Court of Florida in Foxworth v. Florida Industrial Commission, Fla. 1955, 86 So.2d 147, 151, said:
“In the Cline case we upheld recovery for effects of a fall caused by the heart attack of the claimant who as a result fractured his skull on the concrete floor. This decision is justified on the basis that the hardness of the floor was an increased hazard attributable to the employment, but that case represents the outer limits of the doc *708 trine. To extend the rule further would be to eradicate completely the statutory requirement that the injury must be one arising out of the employment. The employment in some manner must contribute an increased hazard peculiar to the employment.”
It therefore appears that there must be a connection but not necessarily a causal relation between the employment and the accident for the accident to arise “out of” the employment. The record failing to reveal such a connection the compensation order of the full commission is affirmed and the petition for certiorari is denied.
It is so ordered.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Section 440.02(6), Fla.Stat., F.S.A.