548 So.2d 205 (1989)
LEON COUNTY SCHOOL BOARD, et al., Petitioners,
v.
Thelma J. GRIMES, Respondent.
No. 71694.
Supreme Court of Florida.
July 20, 1989.
Rehearing Denied September 25, 1989.
*206 David A. McCranie and Gus Vincent Soto of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for petitioners.
Richard M. Powers of Richard M. Powers, P.A., Tallahassee, for respondent.
H. George Kagan of Miller, Hodges, Kagan Chait, P.A., Deerfield Beach, amicus curiae for Florida Employers Service Corp. (FEISCO), Crims, Inc. and Florida Roofing & Sheet Metal Ass'n (FRSA).
OVERTON, Justice.
We have for review Grimes v. Leon County School Board, 518 So.2d 327 (Fla. 1st DCA 1987), in which the First District Court of Appeal certified the following question to be one of great public importance:
In applying the pertinent provisions of chapter 440 [Florida Statutes (1985)], are accidents suffered by employees in falls which are attributable to idiopathic causes personal to the employee and result in injuries from collision with the floor, equipment or other conditions of the workplace, permissibly treated as arising out of the employment irrespective of any showing of increased risk or hazard attributable to the work place?
Id. at 336. We have jurisdiction.[1] This question requires us to reexamine the purpose of workers' compensation legislation and our construction that it was enacted with the intent to provide protection for injuries caused by industry. The district court suggests and Grimes argues that we should broaden the purpose to allow recovery for any injury occurring in the workplace, including injuries arising out of conditions personal to the claimant which are not caused or aggravated by industry. We choose not to so expand the purpose of workers' compensation. To do so would require us to overrule numerous decisions of this Court and to expand the purpose of workers' compensation beyond what we believe was the intent of the legislature. We hold that the legislature  not the judiciary  is the proper branch to make such a change, if it so desires. We answer the certified question in the negative and quash the First District's decision. We also find that the record supports the deputy commissioner's finding that the employment conditions did not contribute in any way to Grimes' injury.
The record reflects that Thelma Grimes was employed by the Leon County School Board as a media technician. The school board knew that she had been afflicted with polio as a youth and thus was required to wear a full-length brace on her right leg. The brace contained a lock which she had to fasten manually each time she stood up. On one occasion while at work, Grimes rose from her desk to reach a file and locked her brace in the usual fashion; however, the brace gave way, causing her to fall and fracture her left ankle. Her left leg was trapped beneath her as she fell on the carpeted floor. It is for the ankle injury that Grimes seeks workers' compensation benefits. It should be noted that evidence was presented that her leg brace had previously given way while she was at home.
The deputy commissioner denied recovery, ruling that "the claimant brought to the job some personal element of risk unrelated to her employment. There was no exertion greater than that normally performed by the claimant during her nonemployment life. The claimant did not sustain an injury from an accident arising out of and in the course of her employment."
On appeal, the First District Court reversed and held that "claimant's employment exposed her to conditions which substantially contributed to the risk of her injury, and that she suffered a compensable injury arising out of and in the course of her employment within the meaning of that term as used in chapter 440." 518 So.2d at 329. In doing so, the district court *207 noted that, because this was an idiopathic fall, it was a "close call." Id. The district court stated that "it is time to reexamine the ... increased-hazard doctrine,"[2]id., and suggested that we adopt the actual-risk doctrine, thus construing the workers' compensation statute "to provide compensability of any injury to a worker during the course of his or her employment resulting from a fall at any place where the employee's duties require him to be, regardless of whether the act of falling was initiated by a condition personal to the claimant." Id. at 331.
The central issue in this case concerns injuries which occur at the place of employment but are the result of a condition personal to the claimant and are not caused by the place of employment. In Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944), we stated:
The purpose of the act is to shoulder on industry the expense incident to the hazards of industry; to lift from the public the burden to support those incapacitated by industry and to ultimately pass on to the consumers of the products of industry such expense. Our act affords no relief for disease or physical ailment not produced by industry.

Id. at 31, 16 So.2d at 343 (emphasis added). Further, we have explained that chapter 440 "was not designed to take the place of general health and accident insurance." General Properties Co. v. Greening, 154 Fla. 814, 820, 18 So.2d 908, 911 (1944).
In Foxworth v. Florida Industrial Commission, 86 So.2d 147 (Fla. 1955), we specifically addressed idiopathic falls and noted: "It is well settled that injuries which arise out of risks or conditions personal to the claimant do not arise out of the employment unless the employment contributes to the risk or aggravates the injury." Id. at 151. With regard specifically to fall, is we stated: "[W]here the idiopathic fall occurring on the job is merely onto a level floor, compensation for effects of the fall is extremely difficult to justify... ." Id. Previously, in Protectu Awning, we permitted recovery where the claimant, as a result of a fainting spell which was attributable to a preexisting heart condition, fell and struck his head against the concrete floor, causing a skull fracture which resulted in his death. In Foxworth, we explained our holding in Protectu Awning, stating:
[W]e upheld recovery for effects of a fall caused by the heart attack of the claimant who as a result fractured his skull on the concrete floor. This decision is justified on the basis that the hardness of the floor was an increased hazard attributable to the employment, but that case represents the outer limits of the doctrine. To extend the rule further would be to eradicate completely the statutory requirement that the injury must be one arising out of the employment. The employment in some manner must contribute an increased hazard peculiar to the employment.
Foxworth, 86 So.2d at 151. We have regularly applied these Foxworth principles. In Southern Bell Telephone and Telegraph Co. v. McCook, 355 So.2d 1166 (Fla. 1977), we denied recovery to an employee who claimed she sustained an injury to her back while bending to pick up toilet tissue while at work, finding it did not arise out of employment where she suffered from an idiopathic condition that manifested itself for the first time during the course of her employment. In Honeywell, Inc. v. Scully, 289 So.2d 393 (Fla. 1974), we denied an employee benefits for injuries resulting from a fall caused by a fainting spell because the hazards of employment did not aggravate the injuries. In Southern Convalescent Home v. Wilson, 285 So.2d 404 (Fla. 1973), we denied recovery to an employee who sustained an injury after suffering an epileptic seizure and falling to the floor because that injury arose from a personal condition. Likewise, in Federal Electric *208 Corp. v. Best, 274 So.2d 886 (Fla. 1973), we denied benefits where an employee suffered an epileptic seizure, causing him to fall, fracture his skull, and eventually die.
To adopt the actual-risk doctrine suggested by the First District Court and Grimes would allow recovery in each of the above instances and would require us to overrule each of these cases; further, we would be amending the purpose of chapter 440 to allow compensation to injured employees without regard to whether industry brought about the injury. We find that the legislature, which established this means of compensation, is the proper branch to broaden the purpose of chapter 440.
In the instant case, Grimes fell and suffered the injuries solely as a result of her personal condition. The record supports the deputy commissioner's finding that her employment in no way contributed to her injury. This case is factually distinguishable from Protectu Awning because Grimes fell on a carpeted floor, not onto bare concrete. As previously noted, her brace had given way in a similar fashion while she was at home. We find the deputy commissioner had substantial, competent evidence to find that Grimes' employment did not require her to exert herself any more at work than she did while not at work and that her employment conditions did not contribute to her injury. Accordingly, we conclude that the First District Court had no basis to overrule the deputy commissioner's findings.
We have sympathy for Thelma Grimes, but find that the legislature, in enacting chapter 440, did not intend to compensate employees for this type of injury. For the foregoing reasons, we quash the First District Court's decision and remand with directions to affirm the deputy commissioner's findings.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., dissents with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, dissenting.
I dissent for the reasons so well expressed in the district court opinion. In my opinion, the actual risk approach suggested by the district court has merit.
Moreover, even under the increased hazard doctrine, I believe Mrs. Grimes' injury is compensable. In Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944), the claimant fell as a result of a fainting spell attributable to a preexisting heart condition. The court found the injury compensable regardless of the fact that the fall was attributable to an idiopathic condition. In Protectu, the court said:
Had Cline fallen onto a piece of machinery and sustained the injury an award would hardly be questioned. The fact that he chanced to fall on the floor and unfortunately lost his life should not preclude an award.
Id. at 32, 16 So.2d at 343.
Likewise in this case, had Mrs. Grimes not worn a brace and merely fallen on the job and injured herself, there is no question that she would be compensated. In this case:
[C]laimant's job required her to constantly get up and down from her desk, and to work in an area which was considerably more crowded than her home environment... . [I]t is less likely that claimant would have fallen at home where she could have better and more selectively controlled her positional changes... . [C]laimant's employment exposed her to conditions which substantially contributed to the risk of her injury... .
Grimes v. Leon County School Board, 518 So.2d 327, 329 (Fla. 1st DCA 1987).
KOGAN, J., concurs.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] In its opinion, the district court described this doctrine as follows: "[A]n injury resulting from risks or conditions solely personal to the claimant does not meet the statutory definition of injury in section 440.01(14) requiring it to be caused `by accident arising out of and in the course of employment,' unless the employment contributes to the risk or aggravates the injury." Grimes v. Leon County School Board, 518 So.2d 327, 329 (Fla. 1st DCA 1987).