569 So.2d 928 (1990)
William R. JOHNSON, Appellant,
v.
Jesse Brian EDWARDS, Jr. and David Van Edwards, Appellees.
No. 90-202.
District Court of Appeal of Florida, First District.
November 15, 1990.
Daniel Stewart of Stewart & Byrom, Milton, for appellant.
Roy V. Andrews of Lindsay, Andrews & Leonard, P.A., Milton, for appellees.
ALLEN, Judge.
William R. Johnson appeals from an order dismissing with prejudice his complaint against appellees. He contends that the trial court incorrectly determined that his suit for breach of an oral employment contract was barred by the Statute of Frauds, Section 725.01, Florida Statutes. He also argues that, even if the trial court was correct in dismissing his second amended complaint, he should have been allowed to file a third amended complaint in a further effort to state a cause of action against appellees. We affirm.
Appellant filed suit against appellees alleging that he had entered into an oral contract with the appellees. The terms of the contract were alleged in appellant's complaint as follows:
On or about January 1, 1982, the Defendants, Jesse Brian Edwards, Jr. and David Van Edwards, did enter into an oral contract with the plaintiff, the terms of which were as follows: (a) Plaintiff would move to the farm where he was given pasture for his horses as well as room and board; (b) Plaintiff would receive *929 wages of $600.00 per month; (c) in the event Plaintiff was injured in an accident, Plaintiff was to receive full disability for loss of wages as well as all medical expenses and room and board and pasture privileges during the period of disability; (d) the Plaintiff was to manage and run the operation of the farm including raising and training many thoroughbred horses; (e) the Plaintiff was also to receive $208.00 per month for his truck payment.
Plaintiff alleged that he performed his responsibilities under the contract until May 20, 1985, when he was severely injured and disabled as a result of a horse falling upon him. Finally, he alleged that at some time after such date, appellees failed to provide the benefits due him under the contract as a result of his work-related disability.
Appellant's third effort to state a cause of action was met with a motion to dismiss, which asserted that any action upon the contract was barred by the Statute of Frauds, Section 725.01, Florida Statutes. That section provides, in pertinent part, that "No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year ... unless the agreement ... or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith... ." Appellant argued that his performance under the contract was complete, and therefore had removed the contract from the Statute of Frauds, but the trial court disagreed and dismissed the complaint.
We agree with the trial court's ruling. Appellant's services under the oral contract alleged can only be characterized as partial performance since his employment was for an indefinite period of time. It is now well established that partial performance of a contract for personal services is not an exception to the provisions of the Statute of Frauds. Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975); Rowland v. Ewell, 174 So.2d 78 (Fla. 2d DCA 1965).
Appellant also contends that, even if the trial court was correct in dismissing his second amended complaint, the dismissal should have been without prejudice and with leave for him to file yet another amended complaint. We find that the dismissal with prejudice was within the sound discretion of the trial court. Appellant had already submitted three complaints, and it is difficult to imagine what he might have alleged in a fourth complaint which would have made the alleged oral contract enforceable.
Accordingly, the order dismissing appellant's complaint with prejudice is affirmed.
NIMMONS, J., concurs.
ERVIN, J., concurs with written opinion.
ERVIN, Judge, concurring.
Although I entirely concur with the analysis used in the majority's opinion in disposing of the issue raised, I feel constrained to note my concern over what appears to be a loophole in the law of employment contracts. Ordinarily one would assume that an employee such as appellant, hired to train thoroughbred horses, would be provided with workers' compensation benefits if he suffered any injuries resulting from an accident arising out of and in the course of employment. The exclusion of employment for agricultural labor, provided in Section 440.02(13)(c)2, Florida Statutes (1983), probably would not apply to employment services such as those furnished by appellant. Cf. Tuma v. Kosterman, 106 Idaho 728, 682 P.2d 1275 (1984) (claimant's employment as a trainer of racing horses was not of an agricultural nature, and therefore not exempt as agricultural employment).
In any event, appellant's second amended complaint makes no reference to his employers furnishing him with workers' compensation benefits, but relies entirely upon the terms of the oral agreement, which appellant asserts was breached by his employers' failure to provide him with all of his medical expenses, his wages, or disability benefits since July 1985. In considering a motion to dismiss, a court must of course assume that all well-pleaded allegations in *930 the complaint are true. I can therefore only reasonably surmise that no workers' compensation benefits were made available to the employee. The anomalous result is that despite the employers' breach of their contractual obligation to furnish to the claimant the work-related benefits alleged, they are nonetheless able to evade their responsibility to so act, simply because the employment contract, which could not be completed within a year, was not in writing. Such a result in my judgment does not comport with the public policy otherwise expressed by the legislature in creating the Workers' Compensation Law, which was intended to lift from the public the burden of supporting persons incapacitated by industry, and to place such burden instead on industry. See Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944). It moreover relieves an employer who has received the profits of his employee's labors from providing for the consequences of a disabled body, a diminished income, and the outlay for medical care and other incidental expenses, caused by a work-related injury. Strong incentives are provided under Chapter 440, Florida Statutes, to employers to furnish such benefits, in that section 440.06 precludes an employer, who fails to secure the payment of compensation in any action brought against him by an employee to recover damages for injury, from defending such action on the grounds that the injury was caused by the negligence of a fellow servant, that the employee assumed the risk of employment, or that the injury was due to the comparative negligence of the employee.
The fundamental goal of the legislature in creating the Workers' Compensation Law  to place needed benefits expeditiously in the hands of the injured worker  has thus been thwarted by the application of the Statute of Frauds. This is an area which I consider requires immediate redress by the Florida Legislature.