ERVIN, J.,
concurring and dissenting.
I concur with the majority as to the disposition of the first issue. I cannot, however, agree that we should not reach the second, on the ground that it was not properly preserved. In so saying, I fully understand the time-honored general rule forbidding an appellate court from deciding an issue that was not preserved at the trial level unless the error raised can be considered fundamental. There is, however, a very narrow exception to this rule, recognizing that once an appellate court has jurisdiction, it may, if it considers it necessary to do so, decide any issue that may affect the case. See Cantor v. Davis, 489 So.2d 18, 20 (Fla.1986); Dralus v. Dralus, 627 So.2d 505, 508-09 (Fla. 2d DCA 1993). In my judgment, the facts cry out for the exercise of this court’s discretionary authority to reach the merits of the unpreserved issue.
Initially, it is inconceivable to me that if the legal theory supporting the claim had been completely presented to the lower tribunal, and if the judge had nonetheless ruled that the employment did not aggravate the effects of the fall, this court would have done anything other than reverse by holding that the claimant suffered an injury which arose out of and in the scope of her employment. The evidence clearly established that claimant fell onto a concrete floor at her place of employment, and that she sustained two fractures to her left leg and a fractured left ankle when her leg became entangled in machinery when she fell. As reflected in the majority’s opinion, Florida has recognized since 1944 that an *676 employee’s fall onto a concrete floor is an increased hazard of employment. Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342 (1944). The facts of this case involve an application of the increased-hazard doctrine, which has been described as follows:
“[A]n injury resulting from risks or conditions solely personal to the claimant does not meet the statutory definition of injury in section 440.01(14) [renumbered section 440.02(17), Florida Statutes (1997) ] requiring it to be caused ‘by accident arising out of and in the course of employment,’ unless the employment contributes to the risk or aggravates the injury.”
Leon County Sch. Bd. v. Grimes, 548 So.2d 205, 207 n. 2 (Fla.1989) (quoting Grimes v. Leon County Sch. Bd., 518 So.2d 327 (Fla. 1st DCA 1987)).
In determining the claim for injuries to be noncompensable, the judge below addressed only a portion of this doctrine, by deciding only that the fall was caused by a condition personal to claimant, i.e., that she “had a syncopal episode.” The judge otherwise made no finding whether the fall onto the concrete floor and into machinery, which was clearly established by the evidence, subjected the claimant to a greater risk or aggravated the injury. Claimant argues on appeal that because the employer/carrier (E/C) defended the claim by asserting that the condition was “personal to claimant and thus idiopathic in nature,” the E/C thereby raised an affirmative defense, causing the burden to be placed on it, rather than claimant, to establish all elements of the increased-hazard doctrine.
I cannot agree that the assertion of such defense relieved the claimant from the burden of producing evidence showing that the injury was one that arose out of and in the course of employment. In Zundell v. Dade County School Board, 636 So.2d 8, 12 (Fla.1994), the supreme court explained that the burden of producing evidence was on claimant to show that no preexisting condition existed,[1] if the work:related injury was of the type that could be aggravated by a preexisting condition. The court continued that if the claimant satisfied the burden of showing the absence of a preexisting condition, the burden was then placed on the employer to demonstrate the contrary. Id. Although the employee in the case at bar was unable to produce evidence revealing the nonexistence of a personal condition, she otherwise satisfied the burden required of her by the increased-hazard doctrine of showing that the employment contributed to the risk or aggravated her injuries by presenting evidence that her fall was onto a concrete floor and her leg was entangled in machinery at the workplace.
Although the Florida Legislature has declared that “the facts in a workers’ compensation case are not to be interpreted liberally in favor of either the rights of the injured worker or the rights of the employer,” section 440.015, Florida Statutes (1997), the same section provides that “[i]t is the specific intent of the Legislature that workers’ compensation cases shall be decided on their merits.” (Emphasis added.) It should also be remembered that the fundamental purpose of workers’ compensation is to relieve society of the burden of caring for injured employees by placing that burden on the industry served. Sullivan v. Mayo, 121 So.2d 424 (Fla.1960). The legislature has never disavowed that fundamental purpose, expressed for more than 40 years; indeed, *677 the legislature continues to recognize the workers’ compensation system as ensuring a “prompt delivery of benefits to the injured worker.” § 440.015, Fla. Stat. (1997). In my judgment, because of the unique circumstances of this case, the above purpose would be promoted by reaching a decision on the merits, despite the failure of claimant’s lawyer to argue effectively the legal theory behind the claim, which, if it had been properly presented, may have resulted in an award of benefits.
Because the judge never addressed the question of whether the employment conditions contributed to the risk or aggravated claimant’s injury, I would reverse the order denying the compensability of the claim with directions that appropriate findings as to same be made.

. In the present case, no express finding was made, or evidence presented, that claimant suffered from a prior condition. Presumably, claimant's burden extends to negating any personal condition, whether or not it could be considered preexisting.